## FOUNT TRIMMER v. STATE.

No. A-4786. Opinion Filed July 18, 1925.
Rehearing Denied, Oct. 30, 1925.
(240 Pac. 129.)

J. W. Barry, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

BESSEY, P. J.  The evidence, eliminating many of the unimportant details, shows that the Colony Mercantile Company of Colony, Okla., was burglarized on the night of January 21, 1922, Saturday night; that the defendant and another, both strangers in town, were in Colony late that evening, and that the defendant and his companion were in the store and there made inquiry as to the heating and lighting of the store, and as to whether there were any persons living in the rooms above the store; they also made some small purchases of goods located in different parts of the store.  On the 25th of January, four days later, the defendant expressed two packages of merchandise, consigned from Anadarko to Lindsay, addressed to Grace McCann; the contents of these packages were later identified as merchandise taken from the store that night, the packages having been taken from the office of the express company at Lindsay by officers.

The evidence shows that entrance was made into the store by cutting the screen covering a window, removing the putty, and taking out the glass.  Tracks were found leading from this window to where two automobiles had been parked.  The defendant was identified as one of the persons who was in the store, made some purchases, and inquired about the heating, lighting and rooms.  Other witnesses testified that the two men had supper in a restaurant near the store.  Two Ford cars were seen parked along the highway some distance from town, in the direction of Anadarko, between 8 and 9 o'clock the night of the burglary, and car tracks leading from the store were traced some distance along this highway.

The defendant did not take the witness stand, and introduced no evidence in his behalf.  The evidence on the part of the state was, for the most part, circumstantial.

The evidence adduced convinced the jury that the defendant was implicated in the burglary. A reading of the record leads us to the same conclusion. The circumstances shown were such as to eliminate every other reasonable hypothesis. Moreover, the circumstances indicative of guilt were remarkably consistent with each other, so that a failure to instruct the jury upon that feature of circumstantial evidence, if error it was, was harmless.

While a defendant has a right to stand upon his presumption of innocence and refrain from taking the witness stand to make explanations of the facts and circumstances indicative of his guilt, as shown by the state, yet if he elects to make no explanation he does so at his peril. Despite the fact that the law accords him that privilege, it is a provision of law that cannot change human nature. In many instances it is next to impossible for courts and juries to disregard the fact that the defendant failed to take the stand and make explanation of things that were manifestly within his knowledge, and in this case it may be that the jury, or one or more members of it, took into consideration the fact of his failure to testify. But even if that happened, it will not operate to set aside a conviction on circumstantial evidence where the circumstances proven indicate guilt to a moral certainty, as in this case, so as to exclude every other reasonable theory.

The identification of the defendant was more positive than is usual in such cases; the defendant's presence in the store the night of the burglary, and the questions asked, indicate a preliminary survey in preparation for the burglary, which facts, in connection with the defendant's disposal of the property stolen, indicate that he was at least implicated in the burglary, and was not merely a receiver of stolen goods.

The judgment of the trial court is affirmed.

DOYLE, J., concurs.

EDWARDS, J., disqualifies himself.