## KELLER COOPER v. STATE.

No. A-8286.   April 9, 1932.
Rehearing Denied June 11, 1932.
(12 Pac. [2d] 703.)

L. S. Reed and R. Place Montgomery, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Kiowa county of burglary in the second degree, and his punishment fixed at a term of two years in the state penitentiary.

The record discloses that at the time charged the smokehouse or meathouse of one Floyd May was burglarized on the night before Christmas, and a quantity of meat stolen.   The evidence for the state is that defendant lived about two miles from May's residence.   May testified that he and his brother butchered the meat a week before the burglary, that he trimmed the hams closely and

sawed the bone near the joint in a particular slanting manner, and a hole was punched at the joint and saltpeter inserted to preserve it. While there is some little confusion as to the exact date, the evidence for the state tends to show that on the day after Christmas defendant was in the neighborhood of Tipton, Tillman county, with a quantity of meat similar to that stolen from May, attempting to sell it, and did sell a ham, with the bone sawed in a slanting manner and with saltpeter in the joint, to one Abell. This ham was recovered, and was identified by May as one of the hams stolen from his place. Defendant admits the sale of the ham, but claims the sale was on December 28, and that he had traded for the ham across the line in Texas. He also made the defense of alibi.

The principal contention made is that the evidence, being wholly circumstantial, is insufficient to sustain the judgment; that the testimony of May that he identified the ham recovered is not reasonable; and that the testimony of alibi conclusively accounts for the presence of defendant at the time of the burglary. The circumstances are all that might reasonably be expected in the case of a burglary or a larceny where committed in the nighttime, and where the proof in the nature of things must be circumstantial. To say the least, it would be a remarkable coincidence that, on the day following the burglary, defendant should sell in a community, considerably removed from the place where he resided, a ham cut in the particular way and with saltpeter inserted in the joint in the same particular way as those stolen, and at the time attempt to sell other similar meat. The testimony of alibi is not at all conclusive. We are convinced the jury did not err in arriving at a verdict of guilty. The evidence abundantly sustains the verdict.

There is some argument that the information is insufficient. We deem it unnecessary to set out the information. It certainly apprises defendant of the offense charged with such particularity as to enable him to prepare his defense, and, if convicted or acquitted, to plead such fact against any further prosecution. Martin v. State, 35 Okla. Cr. 248, 250 Pac. 552; Scott v. State, 40 Okla. Cr. 296, 268 Pac. 312; section 2564, Comp. St. 1921.

Complaint is also made that the court erred in instructions 5, 6, and 7 of his charge. Instruction 5 is the usual instruction on circumstantial evidence, except that the court used the word "should" in one instance instead of the word "must." Instruction 6 is a charge on the recent possession of stolen property. The contention is this instruction assumes defendant was in possession of the property stolen at the burglary, and is not predicated on this state of facts in case the jury shall so find. The instruction appears to have been intended as an abstract statement of the law, but is defective in that, toward the latter part, it appears to contain language making it concrete. However, the jury are clearly told by another instruction that they must find beyond a reasonable doubt that defendant did break and enter the building with the intent to steal, and, in the event of their failure to so find, they must acquit. These instructions are not so contradictory as to be misleading. Instruction 7 is the usual charge of alibi, except that the court has fallen into the error of telling the jury that if they "* * * entertain a reasonable doubt as to whether the defendant was in such other place, * * *" then they should give the defendant the benefit of the doubt and acquit him. This instruction was criticised in the cases of Stuart v. State, 35 Okla. Cr. 103, 249 Pac. 159, and Beck v. State, 50 Okla. Cr. 325, 297

Pac. 820. Under the evidence, there has been no miscarriage of justice. The errors complained of are within the harmless error doctrine. Section 2822, Comp. St. 1921.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.