# W. M. HAMES v. STATE.

No. A.-8492.   March 25, 1933.
Rehearing Denied April 14, 1933.
(20 Pac. [2d] 915.)

Homer Caldwell and C. R. Reeves, for plaintiff in error.

J. Berry King, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and Edna Clary Clark, for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Oklahoma county of the crime of burglary in the second degree, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of three years.

The evidence of the state was that defendant and his codefendant, Opal Henson, came to the premises at 1036 Northeast Eleventh street, which property was owned and

in the possession of Mrs. Willa Helms, at some time in the afternoon of the day of the burglary, ostensibly to rent the house; that this house was furnished, and that Mrs. Helms was at the premises with another party who wanted to rent it; that she told defendant she had promised to let the other party have the house if she wanted it, and could not consider renting it to him; that on the same day, a little after 9 o'clock, defendant came to the premises in his Ford car, accompanied by his codefendant; that parties living nearby heard glass breaking, and called Mrs. Helms, who lived nearby; that Mrs. Helms and her husband came over to the premises immediately, and met defendant coming out of the house; that some rugs had been rolled up and carried out on the porch and furniture disarranged in the house; that in a short time defendant got in his car and drove rapidly away; that a few days later, Mr. Helms saw defendant and caused his arrest; that he had taken the license number of defendant's car, and on investigation of the records it developed that defendant was the owner of that car.

The defense was an alibi.

It is first contended the information is ambiguous and indefinite, and does not charge any offense.

Defendant was charged under section 2063, C. O. S. 1921, which reads in part as follows:

"Any person who breaks and enters in the day time or in the night time * * * any building or any part of any building, * * * in which any property is kept, with intent to steal therein * * * is guilty of burglary in the second degree."

The principal complaint is that the information did not charge sufficient ownership of the building or the property located therein.

In Sallee v. State, 51 Okla. Cr. 414, 1 Pac. (2d) 794, this court said:

"Proof of any kind of rightful possession of the house burglarized, as against the burglar, is sufficient to sustain the allegation of ownership of such house."

In Wilson et al. v. State, 50 Okla. Cr. 310, 297 Pac. 826, this court said:

"An indictment which charges a breaking and entering with intent to commit larceny is sufficient. It need not be alleged who owned the goods that were in the building, nor whose goods defendant intended to steal."

Measured by these authorities, the information was sufficient to charge the offense.

It is next contended the county attorney misstated the law to the jury and argued defendant's reputation.

The record discloses that defendant, testifying for himself, admitted he had been convicted of violating the prohibitory liquor laws. The county attorney had a right to refer to this in his argument, and to discuss it would not be attacking defendant's character when he had not put the same in issue. A witness may be asked if he has ever been convicted of violating the prohibition law. Hendrix v. State, 4 Okla. Cr. 611, 113 Pac. 244; Crawford v. Ferguson, County Judge, 5 Okla. Cr. 377, 115 Pac. 278, 45 L. R. A. (N. S.) 519; Fowler v. State, 8 Okla. Cr. 130, 126 Pac. 831; Hargis v. State, 33 Okla. Cr. 283, 243 Pac. 986.

The county attorney committed no error in making his statement to the jury, since the prosecution may in every case argue the law and the evidence.

It is next contended that the court erred in refusing to instruct upon circumstantial evidence.

Circumstantial evidence was not relied on by the state for conviction in this case. Defendant was positively identified by both Mr. and Mrs. Helms as being the person encountered at the scene of the burglary, coming out of the house, and practically caught in the commission of this crime. The jury was properly instructed on the law and the evidence.

Finally, it is contended the court erred in admitting hearsay evidence.

The trial court permitted a witness for the state to testify that he examined the records and that the license tag was in the name of the defendant. Defendant objected to this evidence on the ground that it was incompetent, irrelevant, and immaterial, and, after cross-examining fully on the subject, moved to take this evidence from the jury, which motion was by the court denied. Helms and his wife had already testified that this automobile number was on the car driven by defendant. It was error for the trial court to admit this character of evidence, but, since it was merely cumulative, it could not have changed the result of the trial, and therefore did the defendant no harm.

Under the state of this record, it was not error for the court to refuse to sustain defendant's objections to this evidence.

A careful examination of the record reveals no fundamental error. The cause is therefore affirmed.

DAVENPORT, J., concurs. EDWARDS, P. J., absent, not participating.