## EPHRIAM JAMES v. STATE.

No. A-9484.  July 21, 1939.
(92 P. 2d 973.)

Falkenberg & Ernest, of Medford, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Ellis W. Eddy, Co. Atty., of Medford, for the State.

BAREFOOT, J.  The defendant was charged in the district court of Grant county with the crime of burglary; was tried, convicted of burglary in the second degree, and sentenced to serve two years in the penitentiary, and has appealed.

The first error presented is, that the evidence is insufficient to sustain the judgment and sentence, and that the court erred in failing to instruct the jury to return a verdict of not guilty.

It is unnecessary to give a detailed statement of the evidence in this case. Briefly, it may be stated that Charlie Stevenson was farming in Grant county. On the night of May 7, 1937, his garage was broken into and burglarized

of the following property: One storage battery; one electric generator; two gallons of lubricating oil; one box of carpenter tools; one switch; one automobile jack; seven gallons of gasoline; one set of socket wrenches, and one automobile blanket, all of the value of $75.

A great deal of this property was, a few days thereafter, recovered in the city of Enid, Garfield county, by the police officers of that city. A large part of it, consisting of the carpenter tools, was recovered from a pawnbroker, to whom defendant had pawned the same a few days prior thereto. Other parts of the property, among it being the generator and the tool box, and other parts, were found in the home of defendant's mother, where he was arrested, and the defendant at that time was wearing a jacket which was identified as the property of the prosecuting witness, and was taken at the time of the burglary of his premises. The property was positively identified by the prosecuting witness. Much of it by peculiar marks and brands which were easy to identify. One of the saws had the initials "J. W. M." thereon, this saw having been bought by Mr. Stevenson from his father-in-law, whose name was "John Wesley Mounts." The jacket was identified by certain alterations and stitches that had been made by the prosecuting witness, Charlie Stevenson.

The evidence with reference to the actual burglary of the garage was based upon circumstantial evidence, as is generally true in cases of this character. It is not often that anyone is actually present when burglaries or thefts are committed in the nighttime.

The prosecuting witness, on learning of the burglary next morning, informed the officers of Grant county. They came to his residence, and upon investigation found the garage had been broken into. They found two sets of tracks which led from the garage to the highway, and then found where a car had been parked near the highway, and into which the property above described had been

loaded. It had rained and it was easy to determine the tracks of the parties and also the tracks of the car. The tracks were followed to the paved road leading toward Enid.

When defendant was arrested his shoes were examined and they had certain peculiarities which were shown in the tracks at the garage and to and from the car. The automobile tires taken from the car of the codefendant, and who was a brother-in-law of defendant, and who was living at the home of the mother of defendant, were examined and found to compare favorably with the track of the car which had been parked near the pavement on the night of the burglary. Other circumstances which it is unnecessary to relate were shown.

The defendant testified that he had been convicted of larceny in the state of Idaho prior to his coming to Oklahoma. Other stolen property which was identified by the owners was found in defendant's possession at the time of the search by the officers.

The jury has the right, and it is its duty to pass upon the facts, and their verdict will not be set aside on appeal, where the evidence is conflicting, and the evidence offered by the state is sufficient to sustain the verdict. This proof may be by circumstantial evidence as well as by direct and positive testimony. Cooper v. State, 53 Okla. Cr. 380, 12 P. 2d 703; Trimmer v. State, 32 Okla. Cr. 161, 240 P. 129; Holloway v. State, 37 Okla. Cr. 24, 255 P. 1022.

The finding of recently stolen property in the possession of a defendant is a circumstance to be taken into consideration by the jury, together with the other facts and circumstances in the case. Bradley v. State, 18 Okla. Cr. 503, 196 P. 730.

We have carefully examined the record and find that the evidence was sufficient to warrant the jury in returning a verdict of guilty against the defendant, and that the same should be upheld.

The objection of counsel for defendant that: "Mr. Roberts: The defendant excepts to the fact that the county attorney was over there in a private conversation with the jury, and the defendant and his counsel were not able to hear the conversation," cannot be sustained. The county attorney handed an exhibit which had been introduced in evidence to one of the jurors, in open court, with the statement: "Now, Gentlemen of the Jury, while we are waiting for the witnesses, you may examine these exhibits." The court immediately said to the jury: "The Court: The jury will disregard any statement that the county attorney made with reference to this exhibit." We do not think there was any error of which the defendant can complain or which was prejudicial to his substantial rights.

We are of the opinion that the defendant had a fair and impartial trial, and that the judgment of the district court of Grant county should be affirmed, and it is so ordered.

DOYLE, P. J., and DAVENPORT, J., concur.