## STINER v. STATE.

No. A-11571.   July 9, 1952.

(246 P. 2d 419.)

Brown Moore and Preston Moore, Stillwater, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and James P. Garrett, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, William J. Stiner, was charged in the justice of the peace court with the misdemeanor of assault and battery, allegedly committed upon one Johnnie Gilbert on November 6, 1950, at a point on State Highway No. 18 about three-fourths mile north of Cushing; was tried; convicted; and fined $25. Thereafter defendant appealed to the county court and was again tried and convicted and pursuant to the verdict of the jury was sentenced to pay a fine of $50, and has appealed.

382

It is first contended that the evidence was insufficient to sustain the conviction. The defendant lived about three-fourths mile north of the city of Cushing. A state highway survey crew was surveying the land of defendant and other landowners for the purpose of widening the road on the state highway. On the date of the difficulty defendant ordered the survey crew off of his property and commenced cursing them. Later, after the surveying crew were down the road about a hundred feet, more words followed and defendant struck Johnnie Gilbert on the hand with a stick, which broke Gilbert's hand. Some blows were struck between them before they were separated by other members of the surveying party.

It was the contention of defendant that the evidence was insufficient to show that the assault and battery occurred in the right-of-way of the public highway. There appears to be a dispute in the evidence as to the exact spot where the alleged assault occurred. Some of the surveying crew say it was in the right-of-way of the highway as it then existed. The prosecuting witness was uncertain as to just the exact spot where the assault occurred. Defendant testified it occurred on his own property and that he was merely trying to prevent a trespass.

It is unnecessary to detail the evidence. It is sufficient to state there is competent evidence in the record to sustain the verdict of the jury.

It is next contended that the court erred in the instructions which were given. Particular complaint is made of instruction No. 4 and it is contended that said instruction shifted the burden of proof to the defendant and required defendant to establish his innocence. We have carefully read this instruction and do not believe that it was confusing to the jury, nor did it operate to shift the burden of proof to the defendant. The instructions should be read as a whole, and the court repeatedly stated that it was the duty of the state to prove the defendant guilty beyond a reasonable doubt. No exception was taken to the giving of instruction No. 5, to which complaint is now made on appeal. It is not fundamentally erroneous so that its alleged incorrectness could be raised for the first time on appeal. It does not appear to us to be a model instruction, but it was not misleading nor confusing to the jury.

The record correctly establishes the guilt of the accused. He had the benefit of two trials and in each instance the jury held against him after hearing the testimony. The judgment and sentence of the county court of Payne county is affirmed.

BRETT, P. J., and POWELL, J., concur.