## POTTER v. STATE.

### No. A–11851.

Criminal Court of Appeals of Oklahoma.

Jan. 27, 1954.

·Robert Hickman, Public Defender, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error, John W. Pete Potter, defendant below, was charged by information in the district court of Tulsa county, Oklahoma, with the crime of burglary, first degree, allegedly committed on February 24, 1952 in said county and state. More particularly the information charged that he did break and enter in the nighttime a certain residence inhabited by human beings in the city of Tulsa, Oklahoma; occupied at said time by Mr. and Mrs. J. J. Johnson, entrance thereto being effected by raising a closed window. The information further alleged that he removed therefrom certain personal property of value. Title 21, § 1431, O.S.1951. The said crime herein involved was charged as a second and subsequent offense, three other crimes being plead in support thereof, robbery with firearms for which the defendant was sentenced by the district court of Tulsa county to 20 years in the penitentiary in case No. 12421; robbery with firearms for which defendant was sentenced to 20 years in the state penitentiary in case No. 14424; robbery with firearms for which the defendant was sentenced to 20 years in the state penitentiary in case No. 14423. The defendant was tried by a jury and convicted; the jury being unable to agree on the punishment, left the same to be fixed by the trial court. The trial court fixed the punishment herein

at 18 years in the state penitentiary and entered judgment and sentence accordingly, from which this appeal is perfected.

Briefly the facts are that Mrs. J. J. Johnson ran a beauty parlor in Tulsa, Oklahoma, located at 105 North Quanah street. She and her husband lived in the back of said shop. On the night in question at about 1:00 a. m. or 2:00 a. m., Mr. Johnson was aroused from his sleep by the noise of a falling window, in the shampoo room. Mr. Johnson arose to find the defendant Potter in the beauty shop prowling through the drawers of the dressing table. Mr. Johnson accosted the man as he approached within three feet of him and asked the man what he was doing, with no reply being given. Then he order the man to sit down, which the man did. Then Johnson said he started to use the telephone and the man got up and said, "I am getting out of here". The man had difficulty unlocking the door, but upon succeeding therein, he ran around the filling station at the corner. Johnson testified the Neon lighting in front of the shop lighted the room nearly as well as it would have been with florescent lights. He positively identified the defendant as being that man, and stated there was no doubt in his mind about it.

Mrs. Johnson was aroused by the conversation, but the defendant left before she came into the beauty shop, but she did find some of her property, including a pair of electric clippers, had been stolen. The clippers were there when she closed the preceding day. The record shows that the defendant entered through the window in the shampoo room. This window was down when the Johnsons retired. It had no lock on it and the screen had been removed for painting. That window was without weights and would stay up only a short time, then fall unless it was propped up by something. The record shows there was no other way in which the defendant could have gained entrance under the circumstances. Other windows and doors were locked. The state's evidence further placed the defendant in the Country Club bar just around the corner from 105 Quanah where he was drinking beer until about 12:00 or 1:00 o'clock a. m. when he left and re-turned in about 25 or 30 minutes. Six people testified to the defendant being in the bar and leaving at about the same time and returning in relatively about the same time. They all testified the defendant was wearing a blue suit and red tie, and a mustache. The defendant was picked up by scout car officers in the vicinity of the crime, in the doorway of a bar. When the defendant saw the police car he and a companion started walking down the street. He was arrested and about 3:00 a. m. the defendant was positively identified by Mr. Johnson as being the man he discovered in the beauty parlor. The record further shows the defendant's dress was described to the police and the pick-up made on that description. None of the missing property was ever found on the defendant.

The defendant demurred to the evidence on the ground of its insufficiency to prove intent to take any property, or to show any breaking or entering. The demurrer was overruled, with exceptions. Thereupon he moved for a directed verdict, which was likewise overruled.

The defendant then rested his case, and offered no testimony in his own behalf. We are in accord with the Attorney General's summation of the evidence. He says:

"First, the defendant had unlawfully entered the building. Second, he did not enter through any door. Third, the only way of entrance from the outside into the room where the defendant was discovered consisted of a window. Fourth, the window was closed when the proprietor went to bed. It was closed when later examined. Fifth, this window was without weights to hold it up and would fall if raised and left without support. Sixth, there was the sound of the fall of the window. Seventh, the defendant was in this room. He could not have entered the same unless he either opened the window and came in by that means or else he must have had the yet undiscovered power to pass through walls without difficulty. No reasonable conclusion is possible other than that the defendant had entered this room by raising the window. And that constituted a breaking under the terms of the statute." Title 21, § 1431, O.S.1951.

In this case the evidence was ample to support the jury's verdict. Where there is competent evidence to sustain the jury's verdict, it is the jury's exclusive province to weigh the evidence and determine the facts. Fry v. State, 91 Okl.Cr. 326, 218 P. 2d 643; Lutz v. State, 93 Okl.Cr. 293, 227 P.2d 692. Exclusive of the direct testimony to the facts of the burglary, the circumstantial evidence of the state, in the absence of any reasonable explanation of the defendant, is sufficient to support the conviction. Sellers v. State, 88 Okl.Cr. 114, 200 P.2d 443, 444; James v. State, 66 Okl. Cr. 462, 92 P.2d 973.

 Next the defendant complains the trial court· erred in failing to give his requested instructions Nos. 1, 2, 3. We have examined these instructions in light of the general instructions given by the trial court and· are of the opinion that the trial court's instructions fully and fairly covered the law as applied to the issues involved in the case, and therefore it was not error to refuse to give the requested instructions. Wheeler v. State, 66 Okl.Cr. 127, 90 P.2d 49; Flowers v. State, Okl.Cr., 251 P.2d 530, not yet reported in state reports.

▮ The defendant finally contends that the sentence of 18 years, which was left by the jury to the trial court to determine, is excessive. An examination of the provisions of Title 21, § 1436, O.S.1951, fixing penalties for first-degree burglary, and Title 21, § 51, O.S.1951, fixing penalties for second and subsequent offenses, discloses the sentence herein imposed is within the limits of said statutory provisions. We are therefore of the opinion that under the conditions herewith presented the matter of fixing the penalty, being left by the jury to be determined by the trial court, was a question within the trial court's discretion, and in the absence of a clear showing of abuse of discretion, it would constitute an arbitrary act of judicial power to reduce the penalty imposed by the trial judge. Moreover we are of the opinion that the record discloses that the defendant had received two 20-year sentences for prior convictions on which the second and subsequent statute was invoked against him. Under such conditions we certainly could not find that the sentence of 18 years was excessive. For all the foregoing reasons the judgment and sentence herein imposed is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.