Elmo CHERRY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12040.

Criminal Court of Appeals of Oklahoma.

Nov. 3, 1954.

Ungerman, Whitebook, Grabel & Ungerman, William Leiter, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error Elmo Cherry, defendant below, was charged by information in the district court of Tulsa county, Oklahoma, with the crime of second degree burglary allegedly committed on the 4th day of June 1953. More particularly, he was charged with breaking and entering through the skylight, a certain building located at 316 South Main Street, a part of Froug's Department Store in the city

of Tulsa, with the felonious intent and purpose of stealing therein certain valuable personal property, and carrying the same away without the consent of the owner thereof. He was further charged in the information as a second and subsequent offender, Title 21, § 51, O.S.1941, having been formerly convicted on June 6, 1950 for the crime of second degree burglary, and for which crime he was sentenced to a term of 4 years in the penitentiary at McAlester. He was tried on this charge, convicted by the jury, and being unable to agree on the punishment it was left to the trial court, which fixed the same at a term of 15 years in the State Penitentiary. From the judgment and sentence so imposed this appeal has been perfected.

The first contention urged by the defendant relates to the trial court's instruction No. 5. No exception was taken to this instruction but the defendant alleges that the instruction is fundamentally erroneous in that the defendant's intent to steal, after the breaking and entering, is made a matter of affirmative proof on the part of the defendant or that he was therein required to prove his innocence. Instruction No. 5 reads as follows, to wit:

"You are instructed that the defendant admits that he broke and entered the building occupied by Froug's Department Store, in which property was kept, but for his defense the defendant says that he did not break and enter said building with the intent to steal therein or to commit a felony, and if you so find, it will be your duty to acquit him."

This instruction was a statement of the fact of the breaking and entering, admitted by the defendant, combined with a plain simple statement of the defendant's theory of defense. It was the trial court's duty under the law to set forth the defendant's theory of his defense, and if the trial court had not done so it would no doubt have been urged by the defendant as error. Instructions covering the defendant's theory of a case are most often the basis of alleged error. It would have been better if the instruction in the last line following the word "felony" had read, "and if you find from the evidence that the state has failed to prove beyond a reasonable doubt that the defendant did break and enter said building with the intent and purpose of stealing therein or of committing a felony therein, it will be your duty to acquit him." But where it appears from the instructions as a whole that the jury was amply instructed on the question that the burden of proof was on the state to prove beyond a reasonable doubt all of the essential elements of the crime, including intent to steal after the breaking and entering, as was done herein, such an instruction as No. 5 constitutes at most harmless error. Title 22, § 1068, O.S.1951. Especially such is the case, where the defendant failed to object to the instructions given or being dissatisfied with the instructions as a whole or any one of them, fails to offer instructions in lieu thereof. Storer v. State, 84 Okl.Cr. 176, 180 P.2d 202. This instruction does not constitute fundamental error for the reason under the instructions as a whole this defendant was not deprived of any substantial right. In fact, the error complained of in this regard arose by reason of the effort on the part of the trial court (though not a model) to preserve the defendant's right to have the jury instructed on his theory of defense. We do not believe that instruction No. 5 was of such character as to be considered basically erroneous, and of such nature as to mislead and confuse the jury, and deprive the defendant of his constitutional right to fair and impartial trial. Storer v. State, supra, and the cases cited therein.

Defendant's second contention is that the trial court committed reversible error in overruling the defendant's demurrer to the state's evidence. This contention is predicated upon the proposition the state failed to prove beyond a reasonable doubt that the defendant had the requisite specific intent to steal or commit a felony in said building at the time of breaking and entering, and he further says that the evidence was as consistent with innocence as it was with guilt and that it did not exclude every other reasonable hypoth-

esis other than guilt. This contention is predicated upon the proposition of the defendant's evidence, admitting the unlawful entry (which corroborated the state's case as to the breaking and entering) but to the contrary seeking to explain that the defendant was acting in the capacity of an informer as a predicate for the arrest of one Charley Peck whom he testified doped him before the burglary in a beer joint, and then hit him and ran just as he was on the top of the Froug building just shortly before the defendant was about to be apprehended. The state's case and the defendant's attempted explanation of his reason for breaking the skylight and entering the building presented a conflict in the evidence for the determination of the jury. Apparently the jury did not believe that Peck was there and to the contrary they believed the defendant was acting alone, and with intent to steal. In any event the officers made a complete search on top of the Froug building and were unable to find Charley Peck or any one else. As the record appears to us we cannot say that the conclusion of the jury was not predicated upon sufficient evidence or that it was unreasonable. In a burglary case, where breaking and entering is definitely proved, the fact the defendant had no opportunity to commit a felony inside the building before his apprehension is not controlling of the question of his intent. It has been held that, whether one intended to commit a crime in a house is determined by the intent of the individual at the time the unlawful entry was made. Logan v. State, Okl.Cr., 239 P.2d 1044. Intent was one of the questions of fact for the determination of the jury, and it was their sole province to weigh the evidence and the facts. Sadler v. State, 84 Okl.Cr. 97, 179 P.2d 479; Potter v. State, Okl.Cr., 266 P.2d 647, 649, wherein we said:

"Exclusive of the direct testimony to the facts of the burglary, the circumstantial evidence of the state, in the absence of any reasonable explanation of the defendant, is sufficient to support the conviction."

That the jury did not believe the defendant's explanation is apparent.

The defendant finally contends the punishment herein imposed is excessive. We are not impressed with the fact that no property was taken in the case at bar, for that is not the test in such cases. In fact each such case must stand on the circumstances therein involved. Hence the numerous authorities involving lesser penalties in other cases are not necessarily controlling. But this record discloses that this defendant had worked on two or three cases on previous occasions as an informer with Officer Stege of the Tulsa Police Department. It even shows he had an F. B. I. and Police Code number, and was known in that capacity as Officer 6 and 7/8. Officer Stege so testified. The record shows this defendant also worked with officers other than Officer Stege. Officer Stege, however, denied he had any previous arrangement with this defendant concerning the Froug's Department Store, and the burglary herein involved. Nevertheless we believe that this is a matter which the trial court should have given consideration in assessing punishment. The punishment herein was left by the jury to be determined by the trial court. We therefore are of the opinion that the minimum punishment of 10 years under the provisions of Title 21, § 51, O.S. 1951, subd. 1, is in keeping with justice under the circumstances and will be sufficient in this case; the judgment and sentence is accordingly so modified, Title 22, § 1066, O.S.1951, and as so modified the judgment is affirmed.

POWELL, P. J., and JONES, J., concur.