Benny James BYINGTON, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12989.

Court of Criminal Appeals of Oklahoma.

June 14, 1961.

Howard, Carr & Harris, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error, Benny James Byington, defendant below, was charged by information in the district court of Tulsa County, Oklahoma, with the crime of burglary, second degree, after former conviction of a felony. The crime was allegedly committed on June 27, 1960, in Tulsa County, Oklahoma, by breaking and entering the premises of Dr. L. P. McElwaine, located at 1307 South Main Street in said city, county and state, for the purpose of stealing and carrying away without the consent of the owner and appropriating the same, certain personal property in said building contained.

The defendant was tried by a jury, convicted and his punishment fixed by the jury at eleven years in the penitentiary. Judgment and sentence was entered accordingly, from which this appeal has been duly perfected.

The defendant attacks the information on the ground that there was no allegation of the block and lot number alleged in the information. This contention is not well founded. In Armour v. State, 72 Okl. Cr. 44, 112 P.2d 1116, this court held:

"In an indictment for second-degree burglary, the premises are sufficiently described as being 'a certain building located at 801 East 1st Place, in the city of Tulsa, Oklahoma, and being then and there occupied by and in the possession of Nichols Wire Sheet and Hardware Company, a corporation, certain personal property of value

(being) in said building kept and contained.' " .

 It is next contended that the elements of burglary were not established in that there was no definite proof of breaking or entering the building. The evidence as to breaking into the building (through a casement window) is purely circumstantial, but that was a question for the jury, and sufficient to support its verdict. Hobson v. State, Okl.Cr., 277 P.2d 695. But there was nothing circumstantial about this defendant entering Dr. McElwaine's suite of offices (7 rooms) by opening the reception office door, thus setting off chimes which disclosed to the Doctor the presence of an invader at an hour between 10:30 and 11:00 p. m., when the establishment was not open to the public. These facts clearly presented a question for the jury.

This court has repeatedly held that any act of force, however slight, by which the obstruction to entrance is removed, such as opening a closed door in order to enter, is sufficient to constitute the crime of burglary where the entry is unlawful. Yeargin v. State, 54 Okl.Cr. 34, 14 P.2d 431. The office broken into when the defendant was discovered in the building was that of Dr. McElwaine, whom the record shows to have been in lawful possession of his part of the premises as a renter thereof. The law of burglary requires no greater proof as to ownership of the property broken into than that offered herein. Jackson v. State, 86 Okl.Cr. 420, 193 P.2d 895; Hames v. State, 54 Okl.Cr. 341, 20 P.2d 915.

Conditions found in other tenants' offices, located in the building, clearly indicated the intent of the defendant in gaining entrance into Dr. McElwaine's offices. Other offices had been ransacked and property removed, such as money. The defendant admitted a former felony conviction for second-degree burglary, the sentence for which he served in the state penitentiary. The information alleged, and the proof sustained the essential elements of second-degree burglary.

 The defendant now contends the trial court erred in not giving his requested instructions. The record discloses no instructions were requested. Admittedly this is true wherein the defendant's counsel said, "We did not submit to the court, according to the procedure in the State of Oklahoma, the instruction written. The Court: I accept your admission."

It has been held many times by this court that where counsel for the defendant is not satisfied with the instructions given by the court and desires additional or different instructions, other than the instructions given by the court, counsel must reduce such instructions to writing and request that they be given, and a conviction will not be reversed where there is a failure to make such request unless the Court of Criminal Appeals is of the opinion in the light of the entire record and instructions that, because of failure to instruct upon some material question of law, accused has been deprived of a substantial right. Fields v. State, 85 Okl.Cr. 439, 188 P.2d 231.

The defendant then complains that the trial court did not instruct on the essential elements of breaking and entering. The trial court's instruction No. 2 is sufficient answer to this proposition. It reads in part as follows:

"The breaking and entering necessary to constitute burglary may be any act of physical force, however slight, by which the obstruction to entering is removed, and the opening of a closed door in order to enter a room of a building may constitute a breaking."

This definition, under the facts herein, was entirely adequate. Yeargin v. State, supra.

We have examined the instructions and they adequately cover the issues of the case, including the defense of alibi, and as a whole they fairly state the law of the case in keeping with the cases cited supra, and Cherry v. State, Okl.Cr., 276 P.2d 280.

 The defendant objected to the testimony of Officer Leitch relative to Dr. McElwaine's identification of the defendant in the police line-up held on the day follow-

ing the burglary. He testified to what he observed at the line-up as follows:

"Q. At the time the defendant was in the line-up Dr. McElwaine observed it, what happened, sir? A. Dr. McElwaine picked Benny Byington out as the man who had been in the building the night before, positively identified him.

"Mr. Hall: That is all."

The defendant argues this testimony was hearsay, citing 5 Wigmore, Evidence, § 1361, p. 2, 3d Ed. Defendant urges it was reversible error to admit the officer's testimony as to the identification of the defendant at the police station by Leitch relating what McElwaine did at the show-up. This contention raises a highly controversial issue as to whether it was hearsay or merely a recital of personal knowledge based upon observation. Wigmore, Vol. 2, § 657, p. 762, 3d Ed.

Conceding the testimony of the officer was inadmissible, the argument loses its force in light of the positive identification of the defendant by Dr. McElwaine at the trial. After testifying he stood face to face with the defendant the night of the burglary and having heard him say, "Boy, I am going to kill you", he was asked:

"This person you saw there across the counter from you, who said he was going to kill you, I want you to look around this court room and see if you see him here in the courtroom. A. I think I see him here in the courtroom.

"Q. Will you point out the person who you believe to be that man? A. Mr. Byington.

"Q. Point him out to the jury. A. Right over there."

In Widdoes v. State, Okl.Cr., 297 P.2d 415, 417, we said:

"It has been held, in this connection, that when in light of the whole record, there is no reason to believe that the defendant was prejudiced by hearsay testimony, the same does not constitute grounds for reversible error. Jackson

v. State, 77 Okl.Cr. 160, 140 P.2d 606, 612. As was said therein:

" 'Here the evidence is sufficient to sustain the conviction without this evidence, and there is no reason to believe he was prejudiced by reason thereof.' "

Furthermore, it has been repeatedly held that the admission of hearsay evidence does not constitute grounds for reversal where the matter as to which the hearsay evidence was admitted was established by other competent evidence (24 C.J.S. Criminal Law § 1915, notes 79 and 85), as herein by the positive identification of the defendant by Dr. McElwaine at the trial. This fact renders the testimony of Officer Leitch harmless, if error at all, which we need not decide. Jones v. State, 77 Okl.Cr. 285, 296, 141 P.2d 109.

The defendant seeks in his argument to provoke a reappraisal of the weight of the evidence. He overlooks the rule that the questions of fact and weight of the evidence is within the sole province of the jury. Where there is any evidence reasonably tending to support the verdict, it will not be set aside for insufficiency of the evidence.

In Potter v. State, Okl.Cr., 266 P.2d 647–649, we said:

"Exclusive of the direct testimony to the facts of the burglary, the circumstantial evidence of the state, in the absence of any reasonable explanation of the defendant, is sufficient to support the conviction."

 The defendant admittedly being a former convict, having committed a felony, does not afford a reasonable basis for modification on the grounds of excessiveness of the punishment under the provisions of 21 O.S.1951 § 1435, and 21 O.S.1951 § 51, subd. 1. The penalty of eleven years is only one year more than the minimum, which is not indicative of passion and prejudice.

The judgment and sentence is accordingly affirmed.

NIX, P. J., and BRETT, J., concur.