**Bob Nila STANFORD, Plaintiff in Error,**

v.

**STATE of Oklahoma, Defendant in Error.**

**No. A–13010.**

Court of Criminal Appeals of Oklahoma.
July 12, 1961.

Jay C. Baker, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error, Bob Nila Stanford, who will hereinafter be referred to as de-

fendant, was charged by information filed in the district court of Tulsa County with the crime of second degree burglary, by breaking and entering, after former conviction of a felony; was tried, convicted and his punishment fixed at 15 years in the state penitentiary.

Defendant perfected his appeal to this court within due time, and now advances two assignments of error upon which he relies for modification or reversal:

"1. By reception into evidence of testimony implying that the defendant had committed other offenses unrelated to the offense charged the fundamental right of this defendant to a fair trial was vitiated.

"2. The court erred in instructing the jury on the inferences to be derived from flight and not requiring the jury by that instruction to find beyond a reasonable doubt that the defendant fled to avoid prosecution."

The evidence of the state discloses that L. D. Myers, a police officer and his partner were cruising in the city of Tulsa on the date in question. They were driving south on Main Street, and upon entering the intersection of Main and First they heard glass breaking, and looking east on First Street saw a man breaking a show window at the D & B Loans store, about half a block east of the intersection. First Street in Tulsa runs east and west, and is a one-way street with traffic going west. L. D. Myers testified that he saw the man reach into the broken window and remove articles, and then run to an automobile parked at the curb, get in and start driving west towards the officers. They tried to block his pathway, but saw that he was going to ram their car, and Myers shot at the fleeing car. The officers made a "U" turn on First Street and started in pursuit. They contacted other officers by radio, and the defendant's car was stopped within a few blocks. When defendant got out of his car, officer Myers testified that he found three watches and a clock on the front seat. The watches and clock were introduced in evidence, and over the objection of the defendant were admitted.

William Dowell testified that he operated the D & B Loans, located at 19 East First Street, in Tulsa; positively identified the watches and clock by his price tags thereon, and testified that they were in the display window on Saturday around 6 p. m. when he left the store.

Ralph McClinton, chief deputy court clerk of Tulsa County, identified a judgment and sentence in case No. 17332, State of Oklahoma v. Bob Nila Stanford, dated November 20, 1957, entered on a plea of guilty to a charge of "knowingly receiving stolen property", in which the defendant was sentenced to three years in the penitentiary. Photostatic copy of the judgment and sentence, showing the receipt of the defendant at the penitentiary, was introduced and admitted over the objection of the defendant.

James R. Bivins, police officer of Tulsa, a state's witness, testified that he arrested the defendant on October 29, 1957 on a charge of "Burglary in the second degree." An objection to this statement was sustained. Witness was then asked if he knew what charge was filed as a result of the arrest, and he repeated that it was "for burglary in the second degree". Attorney for defendant objected to this statement, and the judge called the attorneys to the bench for a conference, out of the hearing of the jury. The witness was then asked, by the county attorney:

"Q. Bob, do you know of what charge the Bob Nila Stanford that you arrested in 1957 was convicted of as a result of your arrest? A. Yes, sir.

"Q. What was that? A. *Knowing and* receiving stolen property."

When this witness was excused, after cross-examination, the court inadequately admonished the jury:

"Ladies and gentlemen of the jury, reference has been made insofar as in 1957 of the arrest of the defendant on a charge of second degree burglary.

. ·The Court has sustained an objection as to the questions of that type. You are not to consider the second degree burglary testimony insofar as 1957 but it is only admissible insofar as the knowingly receiving stolen property insofar as the former conviction is concerned."

The Habitual Criminal Act, 21 O.S.1951 .§ 51, under which this defendant was prosecuted, was designed solely for the purpose of enhancing the punishment of those convicted of a felony after having been previously convicted of a penitentiary offense. .Providing for increased punishment in such cases was its only purpose. A former conviction charged in an information can only .be considered for the purpose of assessing the punishment in case the jury should find ·defendant guilty of the offense charged. The validity of the Act has been consistently upheld.

. The court sustained the defendant's objections to the testimony of the police offi-:cer that he had arrested the defendant in '1957 on a charge of "burglary, second degree", when as a matter of fact the charge ·was that of "knowingly receiving stolen :property", and instructed the jury that they were not to consider such testimony. We ·must presume that the jury followed the . court's instructions, but we are not unaware ·of the danger of such testimony, especially ;·in view of the fact that burglary in the second degree carries a more severe penalty than that of receiving stolen property.

This court has held that where record evidence of a former conviction is offered, and no contradictory evidence is introduced, the same will be held to be sufficient to show a prior conviction. Cordray v. State; Okl. Cr., 268 P.2d 316. In this instance the proof offered by the deputy court clerk was sufficient to show the prior conviction, and the nature of the charge, and it was not error to admit such evidence.

 In defendant's second proposition, he complains of instruction No. 5, which is as follows: .

"You are instructed that evidence has been offered tending to show flight by . the defendant shortly after the commission of the crime alleged against him in·the information. If you find from the evidence that the defendant did at some time flee from the scene of the alleged burglary and that such flight was induced by his apprehension of being charged with a public offense, this is a circumstance to be considered by you, in connection with all the other evidence, to aid you in determining the question of the guilt or innocence of the defendant."

Defendant duly excepted to the giving of this instruction, and now complains that by this instruction the jury was not required to find "beyond a reasonable doubt" that the defendant did flee, and that such flight was induced by fear of prosecution.

The defendant did not take the witness stand, and offered no evidence.

The testimony of the police officer Myers was positive as to the flight of the defendant from the scene of the crime; and this was in no way refuted by the defendant. In the absence of an explanation of defendant's departure from the scene of the crime, we think the instruction was sufficient. This especially in view of Instruction No. 3 given by the court, as follows:

"You are instructed that the defendant is presumed to be innocent of the crime charged against him in the information until his guilt is established by evidence beyond a reasonable doubt, : and that this presumption of innocence continues with the defendant until every material allegation of the information is proven by evidence beyond a reasonable doubt."

It is fundamental that instructions must be considered as a whole, and when so considered, if they correctly state the law applicable to the case, they will be sufficient. In this case, we find that the instructions as a whole fairly cover the law of the case, as applied to the evidence, and that they are free from prejudicial errors. Where there

is a possibility that erroneous statement by state's witness that defendant had been previously convicted of the crime of robbery, second degree, when as a matter of fact the charge and conviction were for receiving stolen property, a lesser crime, might have affected the jury, but could not have been reason for the jury to return a verdict of guilty, this court will not reverse the conviction, but in the interest of justice will modify the sentence imposed.

From a careful review of this record, and all of the facts and circumstances of the case, it is our opinion that justice would be served by modifying the sentence from fifteen years to a term of ten years in the state penitentiary; and as so modified, the judgment and sentence of the district court of Tulsa County is affirmed.

NIX, P. J., and BUSSEY, J., concur.