Doyle UNDERWOOD, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-13509.

Court of Criminal Appeals of Oklahoma.

April 21, 1965.

Rehearing Denied Aug. 2, 1965.

Haskell Paul, Pauls Valley, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in Error, Doyle Underwood, hereinafter referred to as the defendant, was charged by Information in the District Court of Garvin County with the Crime of Assault and Battery with a Dangerous Weapon. He was tried by a jury, found guilty, and his punishment assessed at ninety days in the County Jail. From that judgment and sentence he has perfected his timely appeal to this Court alleging several assignments of error.

The facts of the case are, briefly, that the complaining witness, Charley Henderson, and Mrs. Lillie Meredith were sitting in a parked car on the Underwood property when the alleged attack occurred. That Mrs. Meredith had gone to meet Charley Henderson after she got off work at 10:30 p. m. and they had bought some beer and potato chips and driven out there to park and drink the beer. They admitted crossing a cattle guard, but said they didn't know they were on the Underwood property. They had been there only a few minutes when a pickup truck drove up, and the Underwood brothers got out, each carrying a shotgun. They ordered Henderson out of the car, and a conversation took place regarding the fact that Henderson was trespassing. Henderson was ordered to remove his hands from his pockets—which he did—slapping them to show that he had no weapon. Defendant then ordered Mrs. Meredith out of the car, to which Henderson objected, asking them to leave her out of it; that he would be glad to accompany them to the sheriff's office. Here, the testimony is conflicting as to what occurred next. Henderson and Mrs. Meredith said that defendant fired a blast from his shotgun, striking Henderson in the left leg, removing a piece of his leg, and continuing down to his right foot and removing one or more of his toes. Defendant's story is that Henderson began advancing toward him with his hand in his pocket, that Henderson was a big man, and seemed drunk or mad and that this frightened him. Defendant says he shouted at him three or four times to stop, but that he kept coming, and in desperation he fired a shot into the ground, with no intent to hit Henderson—but accidently did. Thereupon, Mrs. Meredith got out of the car and Henderson requested to be taken into Wynnewood to his Doctor. Defendant and his brother refused, saying they were taking them to the Sheriff's office in Paul's Valley first, which they did. This constituted the basis of the testimony presented at the trial.

All of defendant's contentions of error arise out of the trial judge's instructions to the jury. However, it is significant that no objection was taken nor exception saved to *any* of the trial court's instructions. All of defendant's objections were to refusal to give requested instructions.

 Errors assigned upon instruction given will not be considered on appeal, where record fails to show any objections were made or exceptions taken to the instructions when given. Harrell v. State, Okl.Cr., 381 P.2d 164.

This is a uniform holding of our Court in construing Title 22, O.S.A., § 1068, which reads:

"No judgment shall be set aside or new trial granted by any appellate court of this State in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure,

unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

■ This Court has carefully considered the instructions given as a whole, and will follow our ruling in the following cases: Stiner v. State, 95 Okl.Cr. 381, 246 P.2d 419; Collier v. State, 96 Okl.Cr. 32, 253 P.2d 568; Cherry v. State, Okl.Cr., 276 P.2d 280; Kerr v. State, Okl.Cr., 276 P.2d 284; Byington v. State, Okl.Cr., 363 P.2d 301; Stanford v. State, Okl.Cr., 363 P.2d 515; McCluskey v. State, Okl.Cr., 372 P.2d 623; as follows:

"The instructions must be read as a whole, and when considered as a whole, if they fairly and correctly state the law applicable to the issues presented by the evidence, they will be sufficient."

These applications of the law would apply to all of defendant's contentions of error, and we will not discuss each in detail.

The record before this Court is typically conflicting in the evidence presented, and we will not rule on this. Defense counsel states in his brief, that there was prejudice on the part of the jury because defendant did not take Mr. Henderson to the doctor or hospital, but took him instead to the Sheriff. This is only an assumption on the part of defense counsel, and no proof or basis for this claim appears in the record.

This Court has carefully considered the whole record before it, and find no error meritorious of reversal. It is therefore the decision of this Court that the judgment and sentence of the trial court should be, and the same is, hereby affirmed.

BUSSEY, P. J., and BRETT, J., concur.