Gene Leroy HART, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15668.

Court of Criminal Appeals of Oklahoma.

April 21, 1971.

Rehearing Denied May 24, 1971.

---

1. The conviction was affirmed by this Court on March 24, 1971, in 483 P.2d 740.

James E. Frasier, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

## OPINION

BRETT, Judge:

Gene Leroy Hart, plaintiff in error, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County, for the crime of First Degree Burglary After Former Conviction of a Felony. Judgment and sentence was imposed on September 26, 1969, when he was sentenced to serve a term of thirty (30) to ninety (90) years in the State Penitentiary. His Motion for New Trial was overruled and he was determined to be indigent. From that conviction this appeal has been perfected. The state filed a Motion to Dismiss this appeal which is denied.

The facts briefly stated reveal that in the early morning hours of June 7, 1969, defendant forced open the locked apartment door of a young lady, Heather Campbell, in Tulsa, Oklahoma; who incidentally was employed as a Tulsa Police Officer. The young lady was awakened by the noise caused when defendant forced open the locked door, and when defendant entered the apartment the young lady was sitting up in bed with her pistol in her hand and said to him "Shut the door or I will blow your head off". Defendant left the apartment, closing the door behind him, and Miss Campbell immediately called the police department:

Within a matter of a few minutes the police arrived and defendant was found on

the second floor of the apartment complex and was arrested. Prior to being questioned, the officers properly explained his constitutional rights to him. He stated that he desired to call an attorney, so the officer opened the telephone book to the list of attorneys, and he selected Mr. James Frasier. At that time he called Mr. Frasier and talked to him. After he hung up the telephone, the officer asked him why he was at the apartment complex to which defendant voluntarily answered that he was looking for a friend, but he could not give the name or address of that friend. Later defendant was tried by a jury in a two-stage proceeding; found guilty and subsequently sentenced by the court.

■ The defendant's first proposition complains that the court gave an instruction in the second stage of the proceedings covering good time credits under the provisions of Title 57 O.S.Supp.1968, § 138. This Court held in Williams v. State, Okl. Cr., 461 P.2d 997 (1969), that this instruction was prejudicial to the defendant; and when given it may not constitute reversible error, but would warrant a modification of the sentence.

■ Defendant's second proposition complains that the trial court committed error when defendant was not allowed a hearing outside the presence of the jury concerning defendant's motion to suppress evidence of an alleged confession. This complaint is without merit insofar as defendant's Motion to Suppress had been heard earlier by another judge of the District Court of Tulsa County, and the motion was denied. This proposition is related to defendant's third one, which contends that the trial court committed error in overruling defendant's motion to suppress an alleged confession. There is no contention that defendant's constitutional rights were not explained to him under the provisions of Miranda v. Arizona, 384 U.S. 436,

86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966), but instead it is contended that the statement made by defendant immediately after he engaged in a telephone conversation with his attorney while at the police station, was an involuntary statement because it was given in the absence of his attorney. This contention is without merit. The United States District Court, Western District of Oklahoma held in Lewis v. State of Oklahoma, 304 F.Supp. 116, 122 (1969):

"The mere fact that counsel was not present at the time the statement was given does not, by that fact alone, make it involuntary. Petitioner was advised of his right to counsel and made no request therefore."

Under the facts of this case, we believe defendant's answer was voluntary, and that the trial court did not commit error when defendant's motion was denied.

■ Defendant's last proposition alleges that the court should have sustained his demurrer to the evidence, on the grounds of the insufficiency of that evidence. This contention is without merit for the reason that the evidence was clear that the defendant forced open the locked door of Miss Campbell's apartment without her permission. This Court stated in Cherry v. State, Okl.Cr., 276 P.2d 280 (1954):

"In a burglary case, where breaking and entering is definitely proved, the fact that defendant had no opportunity to commit a felony inside the building before his apprehension is not controlling of the question of his intent. * * *"

Therefore, in view of this Court's decision in Williams v. State, *supra*, defendant's sentence should be modified from thirty (30) to ninety (90) years to twenty (20) to sixty (60) years, and as Modified, Judgment and Sentence Affirmed.

BUSSEY, P. J., and NIX, J., concur.