Larry Michael MOORE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–16868.

Court of Criminal Appeals of Oklahoma.

Nov. 22, 1972.

Rehearing Denied Dec. 8, 1972.

Valdhe F. Pitman, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Fred Anderson, Asst. Atty. Gen., Frank Muret, Legal Intern, for appellee.

BUSSEY, Presiding Judge:

Appellant, Larry Michael Moore, hereinafter, referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County, Oklahoma for the offense of Grand Larceny, After Former Conviction of a Felony; his punishment was fixed at seven (7) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Andrew Stevens testified that on October 1, 1970, he was employed as the night manager of the Cross Town Truck Stop, at 108 South Byers in Oklahoma City. At approximately 2:00 a.m., a

black and blue Cadillac, driven by the defendant, drove in the driveway. The car contained one "colored" passenger. The defendant raised the hood of the car and asked him if he knew anything about engines. Stevens replied that he couldn't help him and that they didn't have a mechanic there. A truck came into the station to be weighed on the scales. He told the boys, "that he had to go and weigh a truck." He locked the door, got the key for the scale and went out to weigh the truck. The Cadillac drove away prior to the time he went to the scales. He proceeded to the scales, which were located 200 to 250 feet from the office. He testified that it took approximately 5 to 10 minutes to weigh the truck. During the time he was weighing the truck, he could observe the whole front area of the station, but could not observe the inside of the station. During this period of time, he did not observe any cars come into the station. When he returned to the station, he observed that the middle door, near the grease pit, had been pried open, and that someone had been into the office. The door to the cash register was open and the money from the cash register and the cafe money, which was kept in a cabinet below the cash register, were missing. He did not know the exact amount of money in the register at the time the money was taken. When he came on duty at seven o'clock the previous evening, he was checked in with Six Hundred Fifty Dollars cash ($650.00). He testified that he had cashed some checks from that amount. The money in the cash register was in denominations of ones, fives, tens, twenties, and rolls of quarters, nickels and pennies. He immediately called the police and gave them a description of the blue Cadillac. He testified that he last looked in the cash register approximately 10 to 15 minutes before the defendant arrived and that the money was in the register.

Frantz Michael testified that he was the manager of the Cross Town Truck Stop and when Mr. Stevens came on duty the night of September 30, he left him with Six Hundred Fifty Dollars ($650.00) cash. He was called back to the station around 2:00 a.m. the following morning. He took an inventory and discovered that Three Hundred Seventeen Dollars and Seventy-five cents ($317.75) was missing from the cash register and One Hundred Seventy-eight Dollars and Sixty-seven cents ($178.-67) of the cafe money was missing from the chest underneath the cash register. The total amount of money missing was Four Hundred Seventy-six Dollars and Forty-two cents ($476.42).

Officer Hoover testified that at approximately 2:00 a.m. on the morning in question, he received an armed robbery broadcast and proceeded directly to the service station. After talking to Mr. Stevens, he ascertained that it was not an armed robbery but rather a "till tapping." He obtained a description of the Cadillac from Stevens. He subsequently observed the car and stopped it. The defendant was driving the car, which was occupied by Carlton Owens and Clifford Farmer. He ordered the three occupants out of the car and placed them under arrest. The defendant had on his person, Eighty-two Dollars in bills ($82.00), consisting of Thirty-seven one Dollar bills, Seven five Dollar bills and a Ten Dollar bill. He also had a roll of quarters, three rolls of dimes, thirteen nickels, two fifty cent pieces, two dimes and forty-two pennies. Carlton Owens had on his person, One Hundred Ninety-four Dollars and thirty cents. ($194.30). Farmer had Sixty-six Dollars ($66.00) on his person. Four Hundred Dollars ($400.-00) was found in the car in denominations of Sixty-five one Dollar bills and Seven five Dollar bills. The cash total of all the money found was Four Hundred and Sixty-nine Dollars and Fifty-seven cents ($469.57).

The defendant did not testify nor was any evidence offered in his behalf.

■ The first proposition asserts that the magistrate erred in binding the defendant over to stand trial because of insufficient evidence at the preliminary hearing.

We have carefully examined the preliminary hearing transcript and are of the opinion that there was sufficient evidence to reflect that a crime had been committed and reason to believe that the defendant committed such. The evidence presented at the preliminary hearing did not differ substantially from the testimony at the trial.

■ The defendant next argues under this proposition that the evidence at the trial was insufficient to sustain the conviction. We are of the opinion that the evidence, although circumstantial, was sufficient to support the jury's verdict. In Woods v. State, Okl.Cr., 440 P.2d 994, Judge Brett stated:

"While no one testified to having actually seen the defendant take the money from the cash register, the circumstantial evidence is strong and convincing that the money thrown on the grocery store floor by the defendant had been taken from the cash register. This evidence, coupled with Mrs. Keener's knowledge that the ten dollar bills had been in the cash register drawer only a moment earlier, appears to be sufficient to sustain the jury's verdict. As stated in Stumblingbear v. State, Okl.Cr., 364 P.2d 1115:

'Where there is evidence, although entirely circumstantial, from which the jury may reasonably and logically find the defendant guilty, the weight, credibility and probative effect of such evidence is for the jury, and the Court of Criminal Appeals will not disturb the verdict for insufficiency of the evidence.' "

■■ The final proposition asserts "errors in the conduct of the trial which prejudiced the defendant, and deprived him of due process of law and were a breach of fundamental fairness and justice." The defendant first argues that the prosecuting attorney erred in reading case numbers following the names of witnesses in his opening statement. The record reflects that Assistant District Attorney, after reading the information to the jury, read the names of the witnesses endorsed thereon. He stated:

"And after Officer Gregory there is 'RE: 33257;' Officer Handke 'RE: 3321,' and after Officer Phelps, 'RE: 33766.' And after 'DAN GRAY, Court Clerk,' there is 'RE: 33275, 33121 and 33766.' (Tr. 13)."

The defendant moved for a mistrial, stating that by mentioning the numbers in relation to the endorsed witnesses, it apprised the jury that the defendant had former convictions. The trial court excused the juy and, after hearing arguments of counsels, overruled defendant's motion for mistrial. The trial court stated: "Well, if it got before them I wasn't aware of it, and I don't know yet—I don't know yet—the meaning of these numbers on here, or their significance in the trial of this case." (Tr. 17) We are of the opinion that trial court properly overruled defendant's motion for mistrial. It would appear quite illogical for this Court to hold that the jurors, unschooled in the rules of criminal procedures and conduct of the judicial process, would know what the numbers stood for when the trial court, with many years of experience, was not aware of the significance of the numbers. We are of the opinion that to avoid any possible prejudice to the defendant this practice should not be continued by the State. The defendant next argues under this proposition that he was prejudiced by the State alleging and proving two former convictions. We have previously held that it is proper to charge in the information, one or more offenses of prior convictions and offer proof to sustain the same. Stanford v. State, Okl.Cr., 363 P.2d 515.

■ The defendant's remaining contentions of error under this proposition are not supported by the citation of authority. We have consistently held that it is essential for counsel for plaintiff in error not only to assert error but to support his contentions by both argument and citation of authority, and where this is not done, and

it is apparent that defendant has been deprived of no fundamental rights, this Court will not search books for authority to support their assertion that trial court has erred. Bryant v. State, Okl.Cr., 478 P.2d 907. The judgment and sentence is accordingly affirmed.

BRETT, J., concurs.