NEWELL MICHAEL et al. v. STATE.

No. A-6451. Opinion Filed March 2, 1929.
(274 Pac. 900.)

L. C. McLean and John V. Roberts, for plaintiffs in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, P. J. The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Garfield county on a charge of having the unlawful possession of intoxicating liquor, and were each sentenced to pay a fine of $50 and to serve a term of 30 days in the county jail.

The record discloses that, on the date charged, certain officers with a search warrant went to premises in charge of defendants and found Lloyd Michael, Robert Hughes, and Harold Hughes at a small building thereon. Soon Newell Michael came by and was called in by one of the officers. In this building there was indication that a still had been in operation, and in the attic the officers found a condenser coil and pressure tank. There was a smell of whisky mash about the place and evidence that corn mash had been poured out of the window and some had been spilled on the floor. Not far away there was found concealed 19 gallons of whisky, with tracks leading from the granary to it. The evidence seems conclusive that defendants had the possession of the whisky found for the purpose of sale.

Objection is made that the judge instead of the clerk drew the names of the jurors from the box, in violation of section 2646, Comp. Stat. 1921. No contention is made that the names of the jurors were not fairly drawn but the mere technical objection that they were drawn by the judge. No authorities in support are cited. See Young v. State, 41 Okla. Cr. 226, 271 P. 426. The statute is not mandatory, but directory, and, unless it appears that a failure to conform strictly to the statute was prejudicial, the case should not be reversed on the mere technical objection. No prejudicial error is made to appear.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.