## W. S. BURKETT v. STATE.

No. A.-7372. Opinion Filed Aug. 16, 1930.
Rehearing Denied Sept. 13, 1930.
(291 Pac. 139.)

Kienzle & Hickok, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Pottawatomie county on a charge of maintaining a public nuisance and his punishment fixed at a fine of $500 and imprisonment for three months in the county jail.

The evidence of the state was that the defendant operated a cold drink stand and domino parlor in the city of Wanette.   A search of the premises resulted in finding nine half-pints of whisky in a back room, some domino tables and chairs on the first floor, a poker table and some chairs on the second floor, and three half-pints of whisky on one of the men found in the place of business.

The defendant contends that he was materially prejudiced by the way the jury was drawn from the box by the court clerk.   It appears from the record that the following proceedings were had with reference to the jury:

"Mr. Kienzle:   Come now the defendants and object at this time to the method of selecting the jury called in this case, for the reason that the ballots on which are printed the names of the jurors in the ballot box are not folded, as provided by law.

"The Court:   Let the record show that the names of the jurors were drawn in such manner that the names cannot be seen by the clerk.   Overruled.

"Mr. Kienzle:   Exception.   Comes now the defendant and offers to show by the testimony of sundry witnesses that the ballots in the jury box are not properly folded as provided by law, and can easily be read by anyone taking the same out of the box.

"The Court:   All right, put on your testimony on that point."

Kenneth Kienzle, being first duly sworn, testified as follows:

"Mr. Kienzle: My name is Kenneth Kienzle, I am one of the attorneys for the defendant in this case, and I was present and had occasion to see the ballots in the jury box at the time the names of the jurors were drawn forth by the clerk, and said ballots were not folded so that they could not be read by anyone drawing the same out of the box. * * *

"The Court: You mean to tell this court that she could see the names as she drew them from the box?

"The Witness: I don't know whether she could or not.

"Mr. Lewis: If they are not satisfied, draw the jury over. No cross-examination.

"The Court: This is the most frivolous proceeding I have ever heard of, Mr. Kienzle.

"Mr. Kienzle: Exception, and to the remarks of the court.

"The Court: Exceptions allowed."

Whereupon the jury was sworn and examined for cause and passed by the state, and thereupon the following proceedings in part were had on voir dire:

"Mr. Hickok: We challenge the juror Virgil Miller.

"The Court: Q. How long have you lived in Pottawatomie county, Mr. Miller?

"The Juror: A. About 30 years.

"The Court: Q. Are you a voter in this county?

"The Juror: Yes, sir.

"The Court: Challenge overruled.

"By Mr. Kienzle:

"Q. Mr. Miller, you stated you do not own your own home here? A. No, sir.

"Q. Did you state whether or not you owned any other real estate? A. No real estate except some royalty interests and one piece of fee and some interests.

"The Court: You pass the jury for cause?

"Mr. Hickok: We pass the rest of the jury."

Section, 2644, C. O. S. 1921, provides:

"At the opening of the court the clerk must prepare separate ballots, containing the names of the persons returned as jurors, which must be folded as nearly alike as possible, and so that the same cannot be seen, and must deposit them in a sufficient box."

This court had under consideration the question raised by defendant in the case of Young v. State, 41 Okla. Cr. 226, 271 Pac. 426, wherein this court said:

"The statutes of this state providing for the impaneling of jurors in criminal cases is not in all particulars mandatory. A substantial compliance will be sufficient where the deviation is not material and has not prevented an accused from having a fair and impartial jury, selected by lot from the entire panel," Michael v. State, 42 lected by lot from the entire panel." Michael v. State, 42 Okla. Cr. 124, 274 Pac. 900.

The question involved is not a frivolous one, as indicated by the judge, but, since the defendant examined only one juror on his voir dire and waived all his peremptory challenges, he accepted the jury and waived the objection. Trial judges are admonished that the secrecy of the jury box must be maintained. The statute should be complied with in the matter of folding the ballots with the names of the jurors on them, and the jury box should be handled by the clerk so that the names that are being drawn from the box cannot be seen by the clerk until after the name is drawn from the box. In the case at bar the court should have inquired of the clerk if she could see the names as they were drawn from the box. Since the de-

fendant's counsel admitted that he did not know whether the clerk saw the names or not, and since the defendant failed to examine the jurors on their voir dire and to exercise his peremptory challenges, we hold the error was not such as requires a reversal of the case.

Defendant next contends that the evidence is insufficient to support the verdict of the jury, but this contention is without merit.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.