## JOHN EPPERSON v. STATE.

No. A-10734.   May 28, 1947.
(181 P. 2d 292.)

256

J. H. Hill, of Newkirk, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and C. Wayne Stevens, Co. Atty., of Ponca City, for defendant in error.

BAREFOOT, P. J. Defendant, John Epperson, was charged in the district court of Kay county, Okla., with the crime of burglariously attempting to break and enter a certain two-story brick building, after having been convicted of the crime of grand larceny and serving a term of one year in the State Penitentiary at McAlester. He was tried, convicted and sentenced to serve a term of ten years in the State Penitentiary, and has appealed.

This case was set for oral argument, and submitted on the record January 30, 1947. The time for filing brief had long prior thereto expired. No appearance was made on behalf of the defendant. At the time of submission, an order was entered giving defendant an additional 20 days in which to file brief. No brief has been filed.

It is provided by Rule 9 of this court:

"When no counsel appears, and no briefs are filed, the court will examine the pleadings, the instructions of the court, and the exceptions taken thereto, and the judgment and sentence, and if no prejudicial error appears, will affirm the judgment."

In compliance with this rule we have carefully examined the record. It reveals that the defendant was charged in the body of the information with the crime of attempted burglary, after former conviction of a felony.

The punishment to be inflicted where one is charged after a prior conviction, and is convicted, is set out in 21 O. S. 1941 § 51, as follows:

"Every person who, having been convicted of any offense punishable by imprisonment in the penitentiary, commits any crime after such conviction, is punishable therefor as follows:

"1. If the offense of which such person is subsequently convicted is such that upon a first conviction an offender would be punishable by imprisonment in the penitentiary for any term exceeding five years, such person is punishable by imprisonment in the penitentiary for a term of not less than ten years.

"2. If such subsequent offense is such that, upon a first conviction the offender would be punishable by imprisonment in the penitentiary for five years, or any less term, then the person convicted of such subsequent offense is punishable by imprisonment in the penitentiary for a term not exceeding ten years.

"3. If such subsequent conviction is for petit larceny, or for any attempt to commit an offense which, if committed, would be punishable by imprisonment in the penitentiary, then the person convicted of such subsequent offense is punishable by imprisonment in the penitentiary for a term not exceeding five years."

Instruction No. 7 given by the court in this case is as follows:

"You are instructed that under the laws of this state a person who, having been convicted of an offense punishable by imprisonment in the penitentiary, commits any crime after such conviction, is punishable therefor as follows:

"If the offense for which said person is subsequently convicted is such that upon a first conviction an offender would be punishable by imprisonment in the penitentiary for any term exceeding five (5) years, such person is punishable by imprisonment in the penitentiary for a term not less than ten years.

"Excepted to by Deft. Exception allowed."

And instruction No. 8 is as follows:

"You are further instructed that under the laws of this state, a crime of attempted burglary, as hereinafter

defined, to you in these instructions, is an offense such that upon a first offense an offender would be punishable by imprisonment in the penitentiary for a term of not exceeding ten years.

"Excepted to by Deft. Exception allowed."

It will thus be noted that the court instructed the jury under subdivision 1 of the statute above quoted, which provides for a minimum punishment of ten years in the penitentiary. The court should have submitted this case under subdivision 3, which provides for punishment not to exceed five years. Subsection 3 provides:

"If such subsequent conviction is for petit larceny, or for any *attempt* to commit an offense * * *."

The charge against this defendant was for an *attempt* to commit the crime of burglary and the court so instructed the jury in Instruction No. 6, where it is stated:

"You are instructed that in this case the defendant is not charged with stealing property, but is charged with attempted burglary, after a prior conviction in this court of grand larceny; * * *."

It will thus be seen that subsection 3 was the applicable statute in this case, and it provides a punishment of not to exceed five years in the penitentiary. The court instructed the jury, in instruction No. 7, that the minimum punishment to be assessed was ten years in the penitentiary, and this was the punishment given by the jury.

We have considered the question of a modification of this judgment to five years in the penitentiary, but when we examine the statute above quoted, we note that it was within the power of the jury to assess any punishment "not to exceed five years in the penitentiary." Under these circumstances, we do not consider it would be fair to the defendant to modify the judgment to five years in the penitentiary, which is the maximum punishment

under the statute. We have come to the conclusion that justice demands a reversal of this case, and that a jury be permitted to assess the punishment in the event of a conviction of the defendant.

As stated by this court in the case of Pritchett v. State, 79 Okla. Cr. 401, 155 P. 2d 551, 557:

"We do not feel justified in modifying the judgment and sentence. The punishment for manslaughter in the second degree runs from a fine and jail sentence to a maximum of four years in the penitentiary. If the defendant is retried on that charge and should be found guilty, we think it best that a jury should decide the punishment to be given after hearing all the evidence presented. Of course if the defendant is found not guilty, there will be no punishment."

For the reasons above stated, the judgment of the district court of Kay county is reversed, and the case remanded.

JONES and BRETT, JJ., concur.