**James Howard FULTON, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15581.**

Court of Criminal Appeals of Oklahoma.

Nov. 24, 1971.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Norman Cannon, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

James Howard Fulton, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the crime of Attempted Robbery by Fear, After Former

Conviction of a Felony; his punishment was set at thirty (30) years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

The defendant alleges two propositions of error which contend that the evidence was insufficient to prove an attempted robbery and that the jury was improperly instructed as to the range of punishment.

Briefly stated, the evidence at the trial revealed that on April 16, 1969, the defendant came into the office of a service station where Sally Ann Phillips was employed. She testified that he had his hand in his pocket and demanded money. She thought that he had a gun in his pocket. He removed his hand from the pocket and threatened her with his fist. She testified that she was frightened of the defendant, but refused to open the cash drawer. The defendant grabbed the drawer and shook it. After approximately ten minutes of conversation, a car drove into the station and Miss Phillips walked past the defendant without interference, to service the car. A young boy who was inside the station during the encounter, followed her from the station screaming, and called the police. She testified that the defendant was drunk.

The boy, Steven Darling, corroborated the testimony of Miss Phillips. He heard the defendant threaten to blow her brains out unless she gave him the money.

■ The defendant's first proposition alleges that the evidence was insufficient to prove an attempted robbery. He maintains that there was no overt act on the part of the defendant. This Court has consistently held that an overt act is sufficient to establish an attempt to commit a crime, if it goes far enough toward accomplishment of the offense to amount to commencement of its consummation. Place v. State, Okl.Cr., 300 P.2d 666. We are of the opinion that entering the station with his hand in his pocket and threatening to blow the employee's head off if she did not give him the money, is an overt act.

■ The defendant further alleges under this proposition that there was no fear induced to constitute robbery. He contends that although the victim testified that she was afraid, her actions belie her words. We cannot support this contention. Fear is a purely subjective emotion which must be gauged in each individual case. We are of the opinion that this was a question of fact for the jury. In the instant case the trial court properly instructed the jury as to the amount of fear necessary and the jury concluded that Miss Phillips was, in fact, afraid. (R 10). We, therefore, find this proposition to be without merit.

■ The defendant's final proposition contends that the jury was improperly instructed as to the range of punishment. The jury was instructed under 21 O.S. § 42, which provides as follows:

"Every person who attempts to commit any crime, and in such attempt does any act toward the commission of such crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempt, as follows:

1. If the offense so attempted be punishable by imprisonment in the penitentiary for four years or more, or by imprisonment in a county jail, the person guilty of such attempt is punishable by imprisonment in the penitentiary, or in a county jail, as the case may be, for a term not exceeding one-half the longest term of imprisonment prescribed upon a conviction for the offense so attempted.

2. If the offense so· attempted be punishable by imprisonment in the penitentiary for any time less than four years, the person guilty of such attempt is punishable by imprisonment in a county jail for not more than one year.

3. If the offense so attempted be punishable by a fine, the offender convicted of such attempt is punishable by a fine not exceeding one-half the largest

fine which may be imposed upon a conviction of the offense so attempted.

4. If the offense so attempted be punishable by imprisonment and by a fine, the offender convicted of such attempt may be punished by both imprisonment and fine, not exceeding one-half the longest term of imprisonment and one-half the largest fine which may be imposed upon a conviction for the offense so attempted."

The defendant contends that he should have been sentenced under 21 O.S.1968, Supp. § 51, subsection 3, which provides:

"3. If such subsequent conviction is for petit larceny, or for any attempt to commit an offense which, if committed, would be punishable by imprisonment in the penitentiary, then the person convicted of such subsequent offense is punishable by imprisonment in the penitentiary for a term not exceeding five (5) years."

The defendant cites as authority Epperson v. State, 84 Okl.Cr. 255, 181 P.2d 292. This case held that punishment for conviction of attempted burglary, after former conviction of a felony, could not exceed five years. The effect of that case held that a person convicted of attempt, after former conviction, could not be sentenced to as long a term as another could be given for attempt with no former conviction. We are of the opinion that the intent of the Legislature in enacting the "after former conviction" legislation was to enhance punishment rather than decrease the same. See Bean v. State, Okl.Cr., 392 P.2d 753 and Williams v. State, Okl.Cr., 447 P. 2d 456. We, therefore, overrule Epperson v. State, supra, and hold that the trial court properly instructed the jury under the general attempt statute. We further note that the defendant did not object to the instruction, nor did he submit requested written instructions.

In conclusion, on consideration of the entire record and all the circumstances, we are of the opinion that justice would best be served by modifying the judgment and sentence to a term of fifteen (15) years. Gable v. State, Okl.Cr., 424 P.2d 433. Modified and affirmed.

BRETT, J., concurs.