John Whitfield HINES and Naaman Eugene Edwards, Appellants,

v.

The STATE of Oklahoma, Appellee.

No. F–76–429.

Court of Criminal Appeals of Oklahoma.

Dec. 17, 1976.

W. L. Funk, Asst. Public Defender, Oklahoma County, for appellants.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., John J. Powers, Legal Intern, for appellee.

## OPINION

BRETT, Presiding Judge:

Appellants, John Whitfield· Hines and Naaman Eugene Edwards, hereinafter referred to as the defendants, were charged in the District Court, Oklahoma County, Case No. CRF–75–2415, with the offense of Attempted Conjoint Robbery in the First Degree, in violation of 21 O.S.1971, § 791. They were tried by a jury and convicted and, said convictions· being subsequent to prior convictions of felonies, the jury in a bifurcated proceeding sentenced the defendant Hines to eighteen (18) years' imprisonment and the defendant Edwards to twenty-two (22) years' imprisonment in the

State penitentiary in accordance with 21 O.S.1971, § 51, and 22 O.S.1971, § 860. From these judgments and sentences they have perfected their appeal to this Court.

In that the events out of which the charge arose are not relevant to the issues raised on appeal, there is no need to discuss the facts at length. The evidence presented at trial was sufficient to support the finding of the jury. The only assignments of error made by the defendants pertain to the selection of the jury and the court's instructions to the jury.

In their first assignment of error the defendants argue that the statutes pertaining to jury selection were violated. The record shows that in selecting the jury after peremptory challenges, the Court Clerk rather than drawing one ballot at a time, as required in 22 O.S.1971, §§ 599 and 600, took out a handful of ballots and then proceeded to draw by lot from those one ballot at a time as needed, a procedure which we do not condone. The trial court held an in camera hearing prior to trial and determined that the defendants had suffered no prejudice in the selection of the jury and hence overruled the defendants' motion to quash the jury.

After a review of the record, we also find that the defendants suffered no prejudice. This Court has long held that substantial compliance is sufficient concerning the statutes in this area. In *Michael v. State*, 42 Okl.Cr. 124, 274 P. 900 (1929), this Court stated:

". . . The statute is not mandatory, but directory, and, unless it appears that a failure to conform strictly to the statute was prejudicial, the case should not be reversed on the mere technical objection. . . ." (Citation omitted)

See also, *Wadsworth v. State,* 9 Okl.Cr. 84, 130 P. 808 (1913); *Carlton v. State,* Okl. Cr., 438 P.2d 14 (1968); and, *Sam v. State,* Okl.Cr., 510 P.2d 978 (1973). We have also held that in situations such as this the burden is upon the defendant to

show that he has suffered material prejudice as a result of the errors on which he bases his challenge. See, *Henderson v. State*, 95 Okl.Cr. 342, 246 P.2d 393 (1952). See also, *Rawls v. State,* 93 Okl.Cr. 219, 226 P.2d 984 (1951), and *Stidham v. State,* Okl.Cr., 507 P.2d 1312 (1973). The defendants cite two cases as authority for their argument: *Pope v. State,* Okl.Cr., 397 P.2d 513 (1964) and *Cline v. State,* Okl.Cr., 438 P.2d 304 (1968). However, these cases are not on point because in each of them the trial court refused to hold an in camera hearing to determine the merit of the defendant's objection.

The defendants' second assignment of error concerns the instructions of the trial court to the jury with regard to the possible range of sentencing, which the trial judge said was from ten (10) years to twenty-five (25) years in the State penitentiary. Title 21 O.S.1971, § 800, provides that the punishment for conjoint robbery is five (5) years to fifty (50) years. Section 42 of 21 O.S.1971 concerns the punishment for *attempted* crimes, and it provides that if the offense attempted is punishable by imprisonment in the penitentiary for four (4) years or more, then for an attempt the maximum sentence should be cut in half. The minimum sentence is not affected and, therefore, the punishment for attempted conjoint robbery should be five (5) years to twenty-five (25) years in the State penitentiary. Title 21 O.S.1971, § 51, provides for punishment of criminals convicted of second and subsequent offenses:

"Every person who, having been convicted of any offense punishable by imprisonment in the penitentiary, commits any crime after such conviction is punishable therefor as follows:

"1. If the offense of which such person is subsequently convicted is such that upon a first conviction an offender would be punishable by imprisonment in the penitentiary for any term exceeding five (5) years, such person is punishable

by imprisonment in the penitentiary for a term not less than ten (10) years.

\*     \*     \*     \*     \*     \*

"3. If such subsequent conviction is for petit larceny, or for any attempt to commit an offense which, if committed, would be punishable by imprisonment in the penitentiary, then the person convicted of such subsequent offense is punishable by imprisonment in the penitentiary for a term not exceeding five (5) years."

The trial court, using the first paragraph of Section 51, instructed the jury that the minimum sentence in this case was ten (10) years. The defendant, on the other hand, contends that the third paragraph of Section 51 was the appropriate paragraph and that five (5) years' imprisonment should have been the maximum sentence. The problem with this statute is that under the third paragraph one who is convicted of an attempted offense after former conviction of a felony is subject to a lesser punishment than a first offender.

The defendants cite to us the case of *Epperson v. State,* 84 Okl.Cr. 255, 181 P.2d 292 (1947), in which this Court dealt with this exact problem. The trial court in that case instructed the jury under paragraph one of Section 51, but we held that paragraph three was the correct paragraph of that section and reversed and remanded the case for a new trial. However, as the defendants concede, we later overruled *Epperson* in *Fulton v. State,* Okl.Cr., 491 P.2d 789 (1971). We have repeatedly stated our opinion that the sole purpose of the Legislature in enacting Section 51 was to provide for an enhanced punishment for subsequent offenders, not to decrease punishment. In addition to *Fulton v. State,* supra, see *Bean v. State,* Okl.Cr., 392 P.2d 753 (1964), and *Dillon v. State,* Okl.Cr., 508 P.2d 652 (1973). The defendants argue that we should overrule these cases and go back to *Epperson v. State,* supra, as a literal construction of the statute; however, in this case we do not believe that a literal construction would give effect to the actual intent of the Legislature. Therefore, until and unless the Legislature provides otherwise we hold that in cases such as this it will be appropriate to use paragraph one of Section 51 in determining punishments.

■ Finally, the defendants assign as error the trial court's giving the jury supplemental instruction without calling the jury into open court as required by 22 O.S.1971, § 894. In reviewing the record we find that the jury sent the trial judge a question as to the eligibility of the defendants for parole. The trial judge consulted with opposing counsel concerning a reply, and the record shows that the following conversation took place:

"THE COURT: What do you think about this Instruction, Mr. Neal?

"MR. NEAL [Counsel for defendant Hines]: I think it's all right.

"MR. WARZYN [Counsel for defendant Edwards]: I wouldn't object.

"THE COURT: Very well, I will send it up by the Bailiff, Gentlemen. I take it the State doesn't object.

"MR. PIERCE: No.

"THE COURT: By the way, Gentlemen, just for the record is there any objection to my sending this to the Jury by the Bailiff rather than calling the Jury into Open Court?

"MR. WARZYN: Oh, certainly not.

"MR. NEAL: No objection to that." (Tr. 143–144)

Inasmuch as the defendants did not object to this action at the time of trial, an objection at this late date is not proper. In addition, we have previously held that violations of this statute are not fundamental error, but rather raise a presumption of prejudice which can be rebutted. See, *Wilson v. State,* Okl.Cr., 534 P.2d 1325 (1975), and *Duke v. State,* Okl.Cr., 548 P. 2d 230 (1976). We find from the face of the record in this case that the defendants suffered no prejudice by sending the bail-

iff to the jury with the answer to their question.

Having considered the defendants' assignments of error and finding none which merit reversal or modification, the judgments and sentences in this case are, hereby, AFFIRMED.

BUSSEY and BLISS, JJ., concur.