Michael Carl RODMAN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–374.

Court of Criminal Appeals of Oklahoma.

Aug. 31, 1977.

Bill Moore, Atoka, Court-appointed, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Duane N. Rasmussen, Legal Intern, for appellee.

## OPINION

PER CURIAM:

Appellant, Michael Carl Rodman, hereinafter referred to as defendant, was charged, tried by a jury and convicted in the District Court, Atoka County, Case No. CRF–76–27, for the offense of Escape from a State Penitentiary. He was sentenced to two (2) years' imprisonment, and has perfected this timely appeal.

The facts adduced at trial are as follows: The defendant, a twenty-four year old Tulsan with four prior felony convictions, pleaded guilty to Larceny of Merchandise

from a Retailer in Tulsa County District Court on December 9, 1975. On June 21, 1976, he was working at the Atoka Honor Farm, when he and two other inmates discovered several gallons of homemade whiskey he called "slop" or "hooch." The defendant testified one of the inmates forced him to drink more than a gallon of the slop (Tr. 30), and then half-carried him to a pickup truck in which the three made their escape from the honor farm. On June 23rd, they were found hiding in an abandoned house thirty miles away near the town of Bokchito.

■ Defendant's sole assignment of error is that the trial court erred in failing to give an instruction on his theory of defense, i. e., that he was so intoxicated he did not possess the necessary criminal intent to escape. See, 22 O.S.1971, § 152 and *Gower v. State*, Okl.Cr., 298 P.2d 461 (1956).

We dismiss this assignment of error on the grounds that the defendant failed to preserve the alleged error by not objecting to the instructions as given and by not offering his own instruction as required by case law.

As this Court stated in *Stuart v. State*, Okl.Cr., 522 P.2d 288 (1974):

"  .  .  .  We need only refer to the long-standing rule that where no requested instruction on a given point of law was submitted, this Court will examine the trial court's failure to instruct on that point of law only for fundamental error. *Pierce v. State*, Okl.Cr., 495 P.2d 407 (1972).  .  .  . "

■ In the examination of the facts at hand we find no fundamental error; in fact, we find contradictions. For example, on direct examination the defendant said that he did not drink when he was on the outside [not in prison] (Tr. 30), but on cross-examination he testified he did, in fact, drink. (Tr. 38) On direct examination defendant testified that one of the other inmates forced him to drink the moonshine (Tr. 31), but on cross-examination he said that he was not forced to drink it (Tr. 45). Additionally, it is our opinion that the error complained of has neither resulted in a mis-

carriage of justice, nor constitutes a substantial violation of a constitutional or statutory right. See 20 O.S.1971, § 3001.

We also note that two days elapsed (June 21st to June 23rd) from the time the defendant consumed the alcoholic beverage; however, he made no attempt to turn himself over to the authorities although he said he intended to. (Tr. 40) He was found hiding in an abandoned house.

In light of the foregoing, we find the judgment of sentence appealed from should be, and the same is hereby, AFFIRMED.