**Ricky Glen WILLIAMS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–79–578.**

Court of Criminal Appeals of Oklahoma.

Oct. 28, 1980.

O. B. Martin, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Oklahoma, Michael Jackson, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Ricky Glen Williams, hereinafter referred to as the defendant, was convicted by a jury of Assault and Battery with a Dangerous Weapon, After Former Conviction of a Felony, in Oklahoma County District Court, Case No. CRF–79–290. On appeal, he raises two assignments of error.

First, defendant contends that the evidence was insufficient to establish his guilt as a principal in the offense, and at most tended to show that he was an accessory after the fact. The evidence at trial may be summarized as follows: Defendant was identified as one of four men who attacked three young men sitting in a parked car near a discotheque in Warr Acres, Oklahoma, during the evening of December 22, 1978. Although the victims could not say whether defendant struck any blows, he was seen to be armed with a set of "knoon–chucks," a kind of martial arts weapon, as he and the other three assailants surrounded the victims' vehicle. Moreover, one of the victims, the driver, testified that while one attacker repeatedly struck him in the front of the head with a baseball bat, someone else was simultaneously beating him in the back of the head. When the car used by the attackers, concededly owned by defendant's mother, was recovered, a set of "knoon–chucks" were found with human scalp hair on them. Since the prosecution's evidence indicates that one attacker was armed with a baseball bat, another with a hunting knife, a third was unarmed, while defendant carried the knoon–chucks, at least an inference is raised that defendant struck the driver.

The windows of the victim's vehicle were smashed out and the occupants beaten and slashed at, and the driver suffered severe vision loss in the left eye, among other injuries. Defendant was identified as the driver of the assailants' car when they fled from the scene.

Defendant presented an alibi defense based on the testimony of a girl friend, and his mother testified that she drove her car to the discotheque, but it was stolen while she was in the club looking for her daughter. In rebuttal, the owner of the club, who was at the door that evening, denied that defendant's mother entered the club.

The trial court gave a jury instruction based on 21 O.S.1971, § 172, which statute provides as follows:

PRINCIPALS DEFINED. All persons concerned in the commission of a crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, are principals.

We are of the opinion that the evidence was clearly sufficient to show defendant's guilt as either one who directly committed the offense, or as an aider and abettor. The first assignment of error is without merit.

As the second and final assignment of error, defendant asserts that the trial court erred in failing to instruct the jury on the crime of accessory after the fact to a felony. See 21 O.S.1971, § 173. However, the record reveals that defendant requested no such instruction. Moreover, the crime of being an accessory to a felony is a separate substantive offense, and is not a lesser offense included within the felony, so that the trial court would have erred in giving such an instruction. See *Wilson v. State*, Okl. Cr., 552 P.2d 1404 (1976). Therefore, the second assignment of error is also without merit.

Accordingly, it is the opinion of the Court that the judgment and sentence appealed from should be, and is hereby, AFFIRMED.

CORNISH, P. J., and BRETT, J., concur.