**Leonard Leroy LLOYD, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-82-173.**

Court of Criminal Appeals of Oklahoma.

Nov. 18, 1982.

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Appellant was convicted in the District Court of Love County, Case No. CRF–81–31 of two counts of Assault and Battery With a Dangerous Weapon, After Former Conviction of Two Felonies, and was sentenced to twenty (20) years' imprisonment on each count to be served consecutively.

■ Appellant, in his first assignment of error, asserts that the trial court committed fundamental error in failing to sue sponte instruct the jury that voluntary intoxication could affect the formation of the intent necessary to commit the crimes charged. Examination of the record reveals that appellant failed to object to the instructions given, failed to offer his own instructions on the issue, and failed to include this assignment of error in his motion for new trial. Therefore, appellant has waived consideration of this issue except on matters of fundamental error. *Rodman v. State,* 568 P.2d 1296 (Okl.Cr.1977); *Turman v. State,* 522 P.2d 247 (Okl.Cr.1974). A review of the facts presented at trial fails to disclose sufficient facts from which we can conclude that fundamental error occurred. While there was evidence that the appellant was intoxicated during the commission of the crime, there was clear evidence that appellant was cognizant of his actions at the time and intended their results. No substantial evidence was admitted which would clearly indicate that appellant had been unable to form the requisite intent. Failing to find fundamental error, we must rule this assignment of error to be without merit. *Weimar v. State,* 555 P.2d 1304 (Okl.Cr.1976).

■ Appellant in his second assignment of error asserts that the trial court committed fundamental error in failing to instruct on the lesser included offense of assault and battery. Appellant failed to offer such an instruction at trial but argues that the evidence was of such a nature as to require the trial court to sue sponte give the instruction. We do not agree. After reviewing the evidence presented at trial, we find no fundamental error. While assault and battery may be a lesser included offense of assault and battery with a dangerous weapon, uncontroverted evidence showed that the attack was made with a broken bottle. In light of this fact, an instruction on the lesser included offense was not a fundamental right. Furthermore, it is not necessary for the trial court to instruct on a lesser included offense where there is no evidence to support such an instruction. *Gist v. State,* 509 P.2d 149 (Okl.Cr.1973). Accordingly, we find appellant's second assignment of error to be without merit.

■ Appellant in his final assignment of error, asserts that the trial court abused its discretion when it ordered that his two twenty-year sentences be served consecutively rather than concurrently. In support of this assertion, appellant argues that the trial court considered appellant's previous jury trial and acquittal for Assault With a Deadly Weapon, which had occurred in another county. The evidence of which appellant complains was brought out during cross-examination of appellant just prior to sentencing. No objection was made to the introduction of the evidence. Additionally, there is no direct or specific evidence that the trial court considered this evidence to appellant's detriment. This Court stated in *Landrum v. State,* 96 Okl.Cr. 356, 255 P.2d 525 (1953), that:

Ordinarily, a court is presumed to discard the irrelevant, and consider only relevant

matters in determining the amount of punishment to assess, either on a plea of guilty or after trial without a jury.

In view of defendant's previous convictions and the evidence presented concerning the crime of which he was convicted, we must presume that the trial court ignored the evidence of appellant's previous trial and acquittal when making the decision to have the sentences run consecutively. It is a decision resting in the sound discretion of the trial court as to whether a defendant's sentences should run concurrently. *Taylor v. State,* 490 P.2d 1404 (Okl.Cr.1971). Under the facts and circumstances of this case, it is our opinion that the trial court did not abuse its discretion. Therefore, appellant's request for modification of the sentence is denied.

On the basis of the foregoing, the defendant's conviction and sentence should be, and hereby is, AFFIRMED.

BRETT, P.J., and CORNISH, J., concur.