**Terri Lee JACKSON, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F-84-328.**

Court of Criminal Appeals of Oklahoma.

June 9, 1986.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

PARKS, Presiding Judge:

The appellant, Terri Lee Jackson, a/k/a Theresa Jamison, was charged, tried and convicted in the District Court of Comanche County, Case No. CRF–82–947, for the offense of Attempted Larceny of Merchandise from a Retailer, After Former Conviction of a Felony. Her punishment was fixed at seven (7) years imprisonment. We affirm.

Witnesses for the State testified that, on December 14, 1982, the appellant was a customer of a TG & Y store in Lawton, Oklahoma. The appellant was allegedly pushing a shopping cart past store employee Carol Lovett and Clairol Hair Products representative Vincent DeCastro. Mr. DeCastro testified that the appellant's shopping cart contained a boxed, artificial christmas tree. Lovett and DeCastro both testified they then heard the rustling sound of a paper bag. Upon investigating the sound, Lovett and DeCastro testified that they saw an Anthony's bag containing merchandise, lying on the bottom of the appellant's cart along with the christmas tree. Ms. Lovett proceeded to call a store manager on the phone. The appellant picked up the Anthony's bag and said, "I don't wan't this. It's not mine." The appellant placed the bag in another shopping cart. At this time, it became apparent that the bag contained a section of a video recorder unit. The appellant abandoned the shopping cart and proceeded toward the front door of the store. The appellant was apprehended and taken to the back of the store where she was arrested. Later in the day, the store manager discovered the other section to the video recorder unit in the christmas tree box.

Detective Johnson testified that he interviewed the appellant on December 15, 1985. The detective first read the appellant her *Miranda* rights, and asked her to sign a rights waiver. Upon questioning, the appellant did confess that she intended to steal the recorder. However, when the

appellant prepared a written statement a few minutes later, she stated that she did not intend to steal the recorder—only that she had thought about it.

The appellant testified that she was carrying a christmas tree stand and some tinsel. She went to the record department looking for an album. The appellant further explained that she set her items down in a nearby shopping cart so she could look through the records. The appellant realized that she had placed her items into someone else's cart. The appellant testified that she opened the bag to see what was inside, and then went to customer service to report the merchandise. The woman at customer service told the appellant to bring the recorder to her. The appellant returned to the cart, and was subsequently approached by Lovett and DeCastro. The appellant informed them that she did not want the recorder, and placed it in the other cart. At this point, the appellant began to worry about getting into trouble, so she began to leave. The appellant was then apprehended by the store manager. On cross-examination, the appellant testified that she had been convicted of a prior felony.

## I.

In her first assignment of error, the appellant contends that the trial court erred in assessing her sentence. In support of her proposition, the appellant asserts that it was error to sentence her pursuant to the Habitual Criminal Statute since the jury did not find her guilty with a prior conviction. Moreover, the appellant justifies this assertion by the fact that the jury verdict form did not reflect the wording "after former conviction." We find these assertions are clearly erroneous.

■ First, this Court has held that there is no question of fact within the province of the jury, as to the existence of a prior conviction, when the defendant confesses the prior conviction while under oath. *Reed v. State*, 580 P.2d 159 (Okl.Cr.1978).[1]

In the instant case, the appellant admitted her prior conviction upon cross-examination. Therefore, the only question of fact remaining for the jury's deliberation was the guilt or innocence of the appellant for the crime charged.

Second, the jury was instructed to assess the appellant's sentence pursuant to the Habitual Criminal Statute. 21 O.S.1981, § 51. The jury returned a guilty verdict and a sentence of seven (7) years imprisonment pursuant to 21 O.S.1981, § 51(A)(2). It is therefore apparent that the jury was convinced of the appellant's guilt and intended to sentence her pursuant to the Habitual Criminal Statute. Accordingly, the appellant's assertions are without merit.

## II.

■ In her second assignment of error, the appellant contends that the trial court's instructions incorrectly stated the maximum punishment allowable for the offense charged and resulted in a deprivation of her right to due process of the law. We disagree. The appellant contends that a crime of attempt after former conviction should be sentenced pursuant to 21 O.S. 1981, § 51(A)(3) rather than 21 O.S.1981, § 51(A)(2). However, the trial court was bound to the decisions of this Court in sentencing pursuant to section 51(A)(2). *See Fulton v. State*, 491 P.2d 789 (Okl.Cr. 1971); *Hines v. State*, 557 P.2d 917 (Okl.Cr. 1976); and *Roberts v. State*, 571 P.2d 129 (Okl.Cr.1977), *cert. denied*, 434 U.S. 957, 98 S.Ct. 485, 54 L.Ed.2d 316 (1977). This Court has repeatedly stated that the legislative intent of enacting section 51 was to provide for the enhancement of punishment for subsequent offenders, as in the instant case. We therefore hold that "the trial court properly instructed the jury under the general attempt statute." *Fulton v. State, supra* at 792. This assignment of error is, therefore, without merit.

## III.

■ In her last assignment of error, the appellant contends that the trial court

---

1. This writer disagrees with the holding in *Reed v. State*, but yields to it as a matter of *stare decisis*. *See Hanson v. State*, 716 P.2d 688, (Okl. Cr.1986) (Parks, P.J., Specially Concurring).

erred by admitting improper testimony of other crimes into evidence. We disagree. The testimony which the appellant finds objectionable concerns a store employee's previous experiences with shoplifting. Specifically, the employee related that the sound of rustling paper alerted her to the possibility of shoplifting, and that she had been involved in many instances of shoplifting as a store employee.

This Court has stated that "when a defendant is put on trial for one offense, evidence of other crimes is inadmissible." *King v. State*, 667 P.2d 474, 477 (Okl.Cr. 1983). This rule was intended to exclude evidence of other crimes committed by the defendant. However, in the instant case, the witness' testimony did not implicate the defendant in any past crimes. The testimony was merely elicited to provide a foundation for the witness' statements. Furthermore, the statements were neither prejudicial nor inflammatory. Accordingly, this assignment of error is without merit.

Accordingly, for the foregoing reasons, the judgment and sentence of the trial court is AFFIRMED.

BUSSEY, J., concurs.

BRETT, J., concurs in results.