**David E. SHERRICK, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F-84-308.

Court of Criminal Appeals of Oklahoma.

Sept. 23, 1986.

As Corrected Oct. 13, 1986.

Rehearing Denied Oct. 20, 1986.

Thomas G. Smith, Jr., Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, David E. Sherrick, was convicted in the District Court of Washington County, Case No. CRF–83–39, of two counts of Murder in the First Degree for which he received a sentence of life imprisonment on each count, to be served consecutively. He appeals and raises eleven assignments of error.

On the morning of January 17, 1983, the bodies of Russell and Neva Holden, husband and wife, were discovered in their home east of Bartlesville. Each had more than ninety puncture and stab wounds which the forensic pathologist testified were inflicted by at least two different weapons. Furthermore, Mr. Holden's right ring finger had been severed. Police arrested Mrs. Holden's daughter, Neva Christine Graham, and Graham's boyfriend, the appellant. While incarcerated, the appellant wrote letters to a friend. In one letter, the appellant admitted his presence during the robbery and murders, but stated that Ms. Graham committed the murders, which were unplanned. During his testimony at the trial, he admitted his presence during the murders, but stated that he was under the influence of drugs and was too frightened to stop the murders. However, his testimony was very detailed, including a description of the precautions he took to

avoid leaving evidence of his presence at the crime.

■ For his first assignment of error, the appellant alleges that the trial court erred during voir dire by not removing two prospective jurors for cause who stated that they had preconceived opinions concerning the appellant's guilt. Both, after being questioned concerning those opinions, stated that they believed they could set aside those opinions and reach a verdict based only upon the evidence presented during the trial. After the trial court refused to dismiss the two prospective jurors for cause, defense counsel used peremptory challenges to dismiss them. Whether or not a juror is able to serve in an objective, unbiased manner, as required by law, is necessarily an inquiry within the discretion of the trial court, which will not be disturbed unless an abuse is evident. *Grizzle v. State*, 559 P.2d 474 (Okl.Cr.1977). Having examined the voir dire of the two prospective jurors we find no abuse of that discretion. This assignment of error is without merit.

■ As his next assignment of error, the appellant complains that the trial court refused to voir dire the jury on matters such as the State's burden of proof, and defendant's presumption of innocence, and refused to give introductory instructions to the jury after voir dire. Appellant cites no authority which would require that the trial judge voir dire the jury on these matters.

> We have repeatedly held that an appellant must support his allegations of error by both argument and citations of authority; when this is not done, and it is apparent that appellant has not been deprived of any fundamental rights, this court will not search the books for authorities to support mere assertions that the trial court erred. (Citations omitted).

*Perez v. State*, 614 P.2d 1112 (Okl.Cr.1980). As authority for his argument that the trial court must give introductory instructions, appellant cites 12 O.S.1981, § 577.2 which provides:

> Whenever Oklahoma Uniform Jury Instructions (OUJI) contains an instruction applicable in a civil case or a criminal case, giving due consideration to the facts and the prevailing law, and the court determines that the jury should be instructed on the subject, the OUJI instructions shall be used unless the court determines that it does not accurately state the law. . . .

He argues that because OUJI–CR contains introductory instructions, such instructions must be given at the time of voir dire as these instructions are mandated for use whenever applicable. We disagree. Although instructions may be required at different times during the trial to correct problems as they arise, or may at the discretion of the trial court be used to clarify issues which would tend to confuse the jury, 22 O.S.1981, § 831 which prescribes the order of trial proceedings, mandates the use of instructions after the evidence is concluded. The record reveals that both the State and defense counsel included questions concerning the State's burden of proof and the defendant's presumption of innocence, and the trial court included instructions on these matters at the close of the evidence. We find no error.

■ The appellant asserts, as his third assignment of error, that the trial court erred in preventing defense counsel from cross-examining witnesses for the State concerning the circumstances surrounding the State's obtaining a letter written by the appellant. The trial court ruled that defense counsel was precluded from questioning any witness concerning whether or not the letter was obtained legally, as the court had previously ruled that it was obtained legally. We have held that while the permissible scope of cross-examination is broad, it has limits. Unless an appellant can show that the trial court abused its discretion by unduly restricting the extent of cross-examination, no claim of error will lie. *Bishop v. State*, 581 P.2d 45 (Okl.Cr. 1978). After examining the testimony during the preliminary hearing in which defense counsel cross-examined concerning how the letter was acquired, and after reviewing the balance of the record, we do

not find any abuse of discretion in the trial court's order, as the testimony would have covered a strictly legal matter which would not be relevant to determine the guilt of the appellant.

■ As his fourth assignment of error, the appellant argues that the trial court erred in refusing to allow him to call Neva Christine Graham to the stand or to explain why she was not available as a witness. The record reveals that the trial judge conducted a hearing in camera in order to confirm the notification of Ms. Graham's attorney that she intended to invoke the Fifth Amendment if called to the stand. After she made that confirmation, the trial judge refused to allow her to be called before the jury, and ordered that her absence was not to be mentioned. He reasoned that the jury could make improper inferences. The issue before us is whether a codefendant who has previously stated at a hearing in camera that she intends to invoke her right against self-incrimination may be compelled by her codefendant to take the stand and invoke this constitutional right before the jury. The appellant cites no authority on point. Although an accused has a right to compulsory process for obtaining witnesses in his behalf (Okla. Const. art. 2, § 20), he does not have the right to compel that witness to testify when that testimony could violate the rights of the witness against self-incrimination. *Bryant v. State,* 434 P.2d 498 (Okl. Cr.1967). The appellant cites *Washington v. Texas,* 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967) which holds that a state may not arbitrarily deny an accused the right to put a witness on the stand who is physically and mentally capable of testifying to events that he has personally observed, "and whose testimony would have been relevant and material to the defense." 388 U.S. at 23, 87 S.Ct. at 1925. However, no proper inference could have been made from Ms. Graham's refusal to testify, nor can such a refusal properly be called evidence, as there is no testimony. Under such circumstances, the order of the trial judge was proper. This assignment of error lacks merit.

■ The appellant urges as his fifth assignment of error, that the trial court allowed the State to present improper rebuttal evidence. The prosecutor asked the appellant questions during cross-examination concerning prior statements he made to police investigators which were inconsistent with his previous testimony. The appellant replied that he did not remember making the statements, but if he did they were false. During rebuttal the State called three investigators who testified concerning the content of their conversations with the appellant which contradicted portions of his testimony. The trial court ruled that the rebuttal was admissible because it attacked the credibility of the appellant's testimony relating to whether or not the killings were premeditated. We agree.

> We have consistently held that rebuttal evidence may be offered to contradict, repel, disapprove, or destroy facts given in evidence by an adverse party in that the admission of such evidence is a matter addressed to the discretion of the trial court whose ruling will not be reversed absent a showing of a manifest abuse of discretion.

*Burney v. State,* 594 P.2d 1226, 1229 (Okl. Cr.1979). This assignment of error is meritless.

■ As his next assignment of error, the appellant contends that the trial court erred by refusing to request that the jury be instructed on appellant's theory of defense. He states that he requested instructions on accessory after the fact, knowingly concealing stolen property, robbery with a dangerous weapon, and dissection of a human being after death. The trial court correctly ruled that these instructions concern separate substantive offenses, and are not lesser included offenses within First Degree Murder. To instruct on separate substantive offenses which have not been charged is error. *See Williams v. State,* 620 P.2d 421 (Okl.Cr.1980), and *Wilson v. State,* 552 P.2d 1404 (Okl.Cr.1976). Nor can the requested instructions properly be

theories of defense. The appellant's theory of defense was that he had no part in the murders, either in planning or executing. Whether or not he committed other offenses during or subsequent to the murders is not a defense to the charge. We note that the appellant claimed to be intoxicated during the commission of the crimes, and that the trial court instructed upon the inability to form specific criminal intent by reason of intoxication, and further instructed on the lesser included offense of Manslaughter in the First Degree. This assignment of error is meritless.

Next, the appellant argues as his seventh assignment of error that the trial court failed to properly instruct upon circumstantial evidence. In *Grimmett v. State*, 572 P.d 272, 274 (Okl.Cr.1977) in an analysis of all the prior decisions involving this issue we stated:

> The analysis reflects that: one, it is error for the trial court not to instruct the jury, even though no request is made, when all the evidence relied upon is circumstantial; two, when the evidence is both direct and circumstantial, it is not error to fail to give an instruction when none is requested; and three, the failure to give an instruction where all of the evidence is circumstantial and no request is made, is not reversible error unless the evidence against the defendant is inherently weak or improbable.

■ A review of the record reveals that the trial court gave a definition of circumstantial evidence (OUJI–CR 802), and did not include the instruction on the use of circumstantial evidence in excluding reasonable theories of innocence. *See*, OUJI–CR 804. No objection was made that the instruction was not given. The facts of the case before us show that the evidence is not wholly circumstantial, as the appellant testified that he was present during the murders, and that he participated in the armed robbery of the victims. Because the evidence is both direct and circumstantial, and no request for the instruction was made, no error was committed. Therefore this assignment of error is meritless.

As an eighth assignment of error, the appellant claims that the trial court failed to submit a complete set of verdict forms at the conclusion of the first stage of trial. Because a complete set was included in the original record at the penalty stage, but not at the guilt stage, the appellant states that this suggests the possibility that the jury was not provided with all the materials necessary for them to reach a proper verdict. He claims that the "not guilty" verdict forms were missing. The comments of defense counsel during closing argument contradict the appellant's conclusion. The record shows that the instructions were discussed at length, that defense counsel made only one objection to an instruction. Later in closing, he remarked: "The verdict forms that you are going to take back in the Jury Room with you have the words guilty and not guilty written on them." (Tr. 583), We therefore find this assignment of error to be utterly meritless.

■ In his ninth assignment of error the appellant alleges that the prosecutor speculated in his closing argument about matters not in evidence. In the first instance, after the trial court first sustained an objection by defense counsel, the prosecutor read a portion from State's exhibit 14, and in that context the court overruled the objection. In the second instance, after the prosecutor had again referred to exhibit 14, defense counsel objected that the prosecutor's remarks had the appellant "fixing up a defense for Christine (the co-defendant) in one breath and burning her on the other...." Appellant also contends that the second remark constituted an indirect attack on defense counsel. We find no merit in these allegations. "Counsel for both the state and the defendant have a right to discuss fully from their standpoint the evidence and the inferences and deductions arising from it." *McDonald v. State*, 553 P.2d 171, 185 (Okl.Cr.1976). The remarks of the prosecutor were deductions from an exhibit which was a part of the evidence, and therefore were proper.

Although appellant alleges two other improper comments, neither were properly

preserved by an objection. Therefore we will not address them. *Meyers v. State,* 623 P.2d 1035 (Okl.Cr.1981).

■ As his tenth assignment of error, the appellant claims that the trial court improperly refused the jury's request to have a portion of the appellant's testimony during deliberations. The appellant admits that refusal to allow the jury to rehear a portion of testimony lies within the trial court's discretion. E.g., *Kovash v. State,* 519 P.2d 517 (Okl.Cr.1974), *cert. denied* 419 U.S. 830, 95 S.Ct. 52, 42 L.Ed.2d 55 (1974). Having examined the portions of the transcript which the appellant cites, we find that the trial court did not abuse its discretion by the refusal.

■ The appellant further complains that the jury was not returned to the courtroom as required by 22 O.S.1981, § 894. After the jurors sent a note to the judge requesting a part of the testimony, the judge sent a note back to the jury in reply. As no objection was made, any error is waived. *Hines v. State,* 557 P.2d 917 (Okl. Cr.1976).

■ As his eleventh assignment of error, the appellant urges that the trial court abused its discretion in refusing to run his sentences concurrently. Whether or not sentences are run consecutively is a decision resting in the sound discretion of the trial court. *Lloyd v. State,* 654 P.2d 645 (Okl.Cr.1982). The record reveals that the trial court reviewed the pre-sentence report, letters and petitions from friends and acquaintances, and considered the appellant's lack of a criminal record and other mitigating circumstances. Nevertheless, the court concluded that the evidence warranted that the sentences be served consecutively. We find no abuse of discretion in that decision.

Finally, the appellant argues that the cumulative effect of all of the errors addressed by him mandates reversal. Where there is no individual error, there can be no error by accumulation. *Woods v. State,* 674 P.2d 1150 (Okl.Cr.1984).

Accordingly, the judgments and sentences are AFFIRMED.

BRETT, J., concurs.

PARKS, P.J., specially concurs.

PARKS, Presiding Judge, specially concurring:

Although I agree with what my brother Judge Bussey has stated herein, I hasten to add that we are not forbidding utilization of the introductory instruction listed in the *Uniform Jury Instructions—Criminal.* As noted in 12 O.S. 1981, § 577.2, the giving of instructions of this nature rests generally within the discretion of the trial judge; however, once the trial judge discovers that an instruction is necessary, the *Uniform Jury Instructions—Criminal* should be used.